JOHN GALLEY, Appellant, *v.* WILLIAM BRENNAN, Respondent.

Malicious prosecution — probable cause — when judgment for plaintiff in action for malicious prosecution erroneously reversed by Appellate Division and complaint dismissed as a matter of law — practice — when the case must be remitted to the Appellate Division to pass upon the question of the weight of evidence.

1. In an action for the malicious prosecution of the plaintiff by the defendant, who had instituted a criminal proceeding against the former upon a charge of larceny, which was dismissed, it appears that the only direct and reliable information which defendant had, established simply that the thief came from a certain village and was a tall man with a sandy mustache and that plaintiff answered to that description. *Held*, that such facts are not sufficient to establish, as a matter of law, probable cause and a reasonable ground for causing the arrest of the plaintiff, and, hence, an order of the Appellate Division reversing, as a matter of law, the judgment in favor of the plaintiff, entered upon the verdict of a jury, and dismissing the complaint upon the merits, is erroneous and must be reversed. (*Heyne* v. *Blair*, 62 N. Y. 19, followed.)

2. In dismissing the complaint as a matter of law the Appellate Division did not consider the other possible aspect of the case presented by an appeal from an order denying a motion for a new trial upon the minutes, whether the verdict was against the weight of evidence in case the plaintiff was entitled to go to the jury, and, hence, in reversing the decision of the Appellate Division, defendant

is entitled to have the case remitted to that court so as to enable it to pass upon the question of the weight of evidence. (*Junkermann v. Tilyou Realty Co.*, 213 N. Y. 404, followed.)

*Galley* v. *Brennan*, 156 App. Div. 443, reversed.

(Argued October 8, 1915; decided October 29, 1915.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered May 8, 1913, upon an order reversing a judgment in favor of plaintiff entered upon a verdict and directing a dismissal of the complaint.

The nature of the action and the facts, so far as material, are stated in the opinion.

*H. B. Butterfield* for appellant. The refusal of the trial court to grant a nonsuit or to direct a verdict for the defendant was not error. (*Burt* v. *Smith*, 181 N. Y. 1; *Sprague* v. *Gibson*, 63 Hun, 626; *Scott* v. *Dennet Coffee Co.*, 31 Misc. Rep. 826; *Gerity* v. *Strasbourger*, 133 App. Div. 701; *Anderson* v. *How*, 116 N. Y. 336; *Rawson* v. *Leggett*, 97 App. Div. 416.) The facts and inferences to be drawn are questions clearly for the jury to determine. (*Costigan* v. *Met. L. Ins. Co.*, 38 App. Div. 644; *Farnum* v. *Fealy*, 56 N. Y. 451; *Heyne* v. *Blair*, 62 N. Y. 19.)

*William Brennan, Jr.*, for respondent. The trial court erred in denying defendant's motion for the dismissal of the plaintiff's complaint, and in submitting the question of probable cause and malice to the jury for determination, and the order of the Appellate Division was proper. (*McCarthy* v. *Barrett*, 144 App. Div. 727; *Molloy* v. *L. I. R. R. Co.*, 59 Hun, 424; *Farrell* v. *Friedlander*, 63 Hun, 254; *Sheahan* v. *Nat. Steamboat Co.*, 66 Hun, 48; *Shipman* v. *Learn*, 92 Hun, 558; *Kline* v. *Hibbard*, 80 Hun, 50; *Siejke* v. *Siejke*, 6 App. Div. 472; *Francis* v. *Tilyou*, 26 App. Div. 340; *Heyne* v. *Blair*, 3 T. & C. 263.) The defendant had probable

cause for instituting the prosecution in question. (*Foshay* v. *Ferguson,* 2 Den. 617; *Carl* v. *Ayers,* 53 N. Y. 14; *Anderson* v. *How,* 116 N. Y. 336; *George* v. *Johnson,* 25 App. Div. 125.)

HISCOCK, J. This action was brought to recover damages for alleged malicious prosecution of plaintiff by defendant. The latter instituted a criminal proceeding against the former upon the charge of having stolen some manure. The charge was dismissed and the only question in this action has been and is the one whether defendant had probable cause for instituting the proceeding although it turned out that plaintiff was innocent of the offense. The trial court held that the evidence made this question one of fact to be determined by the jury, but the Appellate Division decided that as a matter of law lack of probable cause was not established by plaintiff and that, therefore, the action should be dismissed. The question is somewhat close and it becomes necessary to state briefly the facts upon which defendant relied in instituting the prosecution of plaintiff.

One Heisenbuttle, who seems to have seen the man who actually did steal the manure, told defendant in substance that the man said he came from Gardenville; that he had a bay team and a certain kind of wagon and that "he was a tall man with light complexion."

One Tresselt, who worked for the last-named person, told one of defendant's employees who in turn communicated the information to him, "that a man by the name of John Galley took the manure; that he had a greenhouse or florist out there," and again told another of defendant's employees, who likewise communicated the information, that he "supposed" John Galley took it, and that the man who took it had a bay team and was a "tall man, sandy moustache." Another person informed defendant that the plaintiff answered the description thus given by Tresselt. It did not appear in any way and it

is not claimed and does not seem to have been understood by defendant that Tresselt saw the man who took away the manure or was speaking from personal observation. He " supposed " that plaintiff was the man who took the manure. It appeared that as a matter of fact plaintiff did not have a bay team and outside of an unsuccessful attempt upon the part of defendant to interview Tresselt no effort was made to ascertain from any one having reliable knowledge or information whether plaintiff was the man who committed the theft. Thus substantially all of the direct, reliable information which defendant had established simply that the thief came from Gardenville and was a tall man with a sandy moustache and that plaintiff answered to this very general description. That in my judgment was not sufficient to establish as a matter of law probable cause and a reasonable ground for causing his arrest. Some of my associates believe that it rather disclosed lack of probable cause as matter of law, and in the aspect most favorable for defendant the case disclosed a situation where different persons of reasonable prudence and caution might draw different inferences from the undisputed facts and where, therefore, the question of probable cause should have been submitted to the jury under the rules laid down in *Heyne* v. *Blair* (62 N. Y. 19). It is there written (pp. 22, 23): " Probable cause, as defined in the books, is such a state of facts and circumstances as would lead a man of ordinary caution and prudence, acting conscientiously, impartially, reasonably and without prejudice upon the facts within his knowledge, to believe that the person accused is guilty. * * * It is pre-eminently a question for the judgment of twelve men to determine what, upon a doubtful state of facts, or upon facts from which different men would draw different conclusions — that is, upon facts capable of different inferences — would be the belief and action of men of ordinary caution and prudence."

A question of practice is also presented for considera-

tion on this appeal. Entertaining the view which it did that the plaintiff's complaint should be dismissed as a matter of law, the Appellate Division did not consider the other possible aspect of the case presented by an appeal from the order denying a motion for a new trial upon the minutes, whether the verdict was against the weight of evidence in case the plaintiff was entitled to go to the jury. Formerly an appeal would not have been entertained by this court from an order reversing a judgment based upon the verdict of a jury where the question of the weight of evidence was presented to the Appellate Division unless it appeared in the order of reversal that the facts had been examined and no error found therein. Under the present practice, however, which permits the Appellate Division to dismiss a complaint as was done in this case where it has seemed that there should be a nonsuit, it is necessary for the party defeated at the Appellate Division to appeal to this court in order to be relieved from the judgment dismissing his complaint. On the other hand, if we reverse the present action of the Appellate Division and simply allow the judgment of the trial court to be reinstated, the party appealing from the latter judgment and the order denying the motion for a new trial on the minutes will have been deprived of his right to have the Appellate Division review the verdict upon the facts. While in my opinion the Appellate Division, although holding that a complaint should be dismissed as matter of law might nevertheless determine that if it was in error in this respect and the case was one for the jury, the verdict should or should not be set aside as against the weight of evidence, this course has not been pursued in this case. Under these circumstances it seems to be necessary in reversing the present decision of the Appellate Division to remit the case to that court so as to enable it to pass upon the question of the weight of evidence as defendant is entitled to have it do. (*Junkermann* v. *Tilyou Realty Co.*, 213 N. Y. 404.)

Therefore, I recommend that the judgment appealed from be reversed and that the case be remitted to the Appellate Division to enable it to pass upon the questions of fact presented by the appeal from the order denying defendant's motion for a new trial made upon the minutes of the trial court, with costs to the appellant in this court.

CHASE, CUDDEBACK, HOGAN, CARDOZO and SEABURY, JJ., concur; WILLARD BARTLETT, Ch. J., absent.

Judgment reversed, etc.