GEORGE E. ROWE, Appellant, *v.* DAVID B. HENDRICKS, Respondent.

*Rowe v. Hendricks*, 154 App. Div. 916, reversed.
(Argued October 26, 1915; decided November 16, 1915.)

APPEAL from a judgment, entered January 17, 1913, upon an order of the Appellate Division of the Supreme Court in the third judicial department, which reversed a judgment in favor of plaintiff entered upon a verdict and directed a dismissal of the complaint.

*James Jenkins* for appellant.

*John G. Van Etten* for respondent.

*Per Curiam.* This action was brought to recover damages alleged to have been suffered by plaintiff as the result of a collision at a street crossing with an automobile negligently operated by the defendant. A small judgment was recovered by the plaintiff at the Trial Term and this was reversed and the complaint dismissed

by the Appellate Division on the ground that the plaintiff was guilty of contributory negligence. The fact that his complaint was dismissed by the Appellate Division necessarily implies that that court held him to be guilty of contributory negligence as matter of law.

An examination of the evidence leads us to the conclusion that the questions whether plaintiff was guilty of contributory negligence and the defendant guilty of negligence were ones to be submitted to the jury, and that, therefore, it was error for the Appellate Division to dismiss the complaint.

On his appeal from the order denying his motion for a new trial on the minutes the defendant was entitled to have the Appellate Division pass on the facts and weight of evidence, and under the views which that court entertained this was not done, and it, therefore, becomes necessary to remit the case to the Appellate Division in order that it may consider such questions properly presented to it by the appeal from the order denying the motion for a new trial. (*Junkermann* v. *Tilyou Realty Co.*, 213 N. Y. 404; *Galley* v. *Brennan*, 216 N. Y. 118.)

The judgment reversing the judgment in favor of the plaintiff and dismissing his complaint should, therefore, be reversed, with costs to the appellant in this court, and the case remitted to the Appellate Division as above stated.

WILLARD BARTLETT, Ch. J., HISCOCK, CHASE, CUDDEBACK, HOGAN, CARDOZO and POUND, JJ., concur.

Judgment accordingly.