NEW-YORK,
Nov. 1809.

ROGERS
v.
BREWSTER.

———

## ROGERS *against* BREWSTER.

ON *certiorari*, from a justice's court.

The plaintiff brought an action on the case, against the defendant, for maliciously distraining a valuable horse, out of his team, for a militia fine, and refusing to take other property, by reason whereof, a great sacrifice of the plaintiff's property was made. The defendant justified under a warrant from the president of a court-martial, and called for a jury. Upon the trial, it was proved that the defendant required of the president of the court-martial, the warrant against the plaintiff, and said he would collect it in such a manner, that the plaintiff would remember it, and that he would take the property nearest to his heart; and that when he called on the plaintiff, he set his eye on the horse, as he thought

The act concerning distresses, (11 Sess. c. 36.) does not apply to the case of a levy on personal property made by an officer, under a warrant, in the nature of an execution. An action on the case lies against a sheriff, constable, or other officer, for maliciously executing process, in an oppressive and unreasonable manner, with intent to vex, harass and oppress the party.

Where a constable having a warrant against *A.* for a military fine, refused to take property tendered by *A.* but took and sold his horse, with the avowed intent of hurting the feelings of *A.* and otherwise vexing him, he was held liable to an action on the case, at the suit of *A.*

the taking of it would most touch the plaintiff's feelings ; that when he took the horse, the plaintiff showed to him six or seven large swine, and requested the defendant to take them and leave the horse, but the defendant replied, that he would take that which would most touch the feelings of the plaintiff. The justice gave his opinion, at the trial, that if an officer wilfully and maliciously took an unreasonable distress, an action would lie. It appeared that the defendant was a constable, and had the warrant, for the collection of the fine. He had previously called twice on the plaintiff for the fine. After taking the horse, he offered to redeliver him on receiving the fine. On the next day, the horse was returned to the plaintiff, on his engaging to produce him at the day of sale, which was done. The justice decided, that the act concerning distresses (11 Sess. ch. 36. § 3.) applied ; and that it was unlawful for the defendant to levy on a horse, or beast of the plough, while other property could be found. The jury found a verdict for the plaintiff, for five dollars, damages, on which judgment was entered by the justice. On these facts, as stated in the return to the *certiorari*, the case was submitted to the court, without argument.

*Per Curiam.* The statute *concerning distresses*, &c. does not apply to the case of a levy upon personal property, by an officer, by warrant, in the nature of an execution. But the constable appears to have executed the warrant in an unreasonable and oppressive manner, and with the avowed and malicious design to vex and oppress the plaintiff below. When the oppression and malice are thus charged as the *gist* of the action, and are clearly made out, an action on the case will lie. The oppression of officers, in the execution of process, is indictable ; (*T. Raym.* 216. *Cro. Jac.* 426.) and a great abuse of the powers of a sheriff, on execution, has been held suf-

ficient to make him a trespasser, (*Noy*, 59.  9 *East*, 303, 4.) or to bring him into contempt. (2. *Show.* 87.) If he be charged with a malicious and oppressive proceeding, the proper remedy for this abuse of power, is a special action on the case, in which the malice and the oppression must both be made manifest.  In *Sutton* v. *Johnstone*, (1 *Term Rep.* 503.) Baron *Eyre*, in giving the opinion of the court of exchequer, laid down this general principle, that where it could be shown that one man had causelessly and maliciously exercised over another, to his damage, powers incident to his situation of superior, a special action on the case lay.  The judgment in that case was afterwards reversed; but the reversal did not affect the solidity of this principle, in cases not arising under the exercise of military or naval authority.  The seizing and selling the horse, in the case before us, was without any just cause, so long as other property was shown, which would have raised the money with equal facility.  It was, therefore, a causeless and malicious proceeding.  Where a ministerial officer does any thing against the duty of his office, and damage thereby accrues to the party, an action lies.  The judgment must be affirmed.

Judgment affirmed.