Bradley, J.
The action is in the nature of false imprisonment upon execution issued upon judgment of justice’s court against the plaintiff, which directed the constable to satisfy the judgment out of the personal property of the judgment-debtor, and if sufficient could not be found to satisfy it, to arrest and convey him to the jail. The alleged ground of the charge is that the defendant, who, as constable, had the execution, arrested the plaintiff without first having sought to satisfy the execution out of property, and that he refused to levy the execution on property of the plaintiff, which the latter offered to turn out to him. And the plaintiff gave evidence tending to prove such allegations. It was the duty of the constable to make search for property to satisfy the execution, and the right to arrest the judgment-debtor was dependent on the failure of the constable to find property not exempt from execution belonging to him. And if he made the arrest without first having made a search for property, the officer was hable, provided the judgment-debtor had property openly and visibly in his possession subject to levy. Hollister v. Johnson, 4 Wend., 639.
The evidence on the part of the defense tends to prove that the constable had, before the arrest, made some search and inquiries, and in that manner was unable to learn that the plaintiff had any property upon which to levy the execution, but on the part of the plaintiff, evidence was given to *794 the effect that at the time the officer was proceeding to arrest him, the plaintiff offered to turn out property to him, and went into the plaintiff’s saloon and did turn out certain articles of property which the officer declined to take, but proceeded to take the plaintiff to jail. The fact that he offered to and did point and turn out some property in his saloon is not questioned, but is conceded by the defendant’s evidence. And the reason given for not levying upon and selling it is that its value was only from five to ten dollars, while the judgment was upwards of fifty dollars. The fact that the property is insufficient to satisfy an execution is no good reason for failure to proceed to levy upon and sell unless the value is so small that there is no reasonable possibility of realizing, substantially anything to apply upon the judgment, because before proceeding to make the arrest the officer must satisfy it so far as he can out of the property of the debtor.
It is, however, unnecessary to determine whether the defendant failed to perform his duty in not taking in execution the property in the saloon which was offered to him by the plaintiff, and the consequences of not doing so before taking the plaintiff into custody, because the question is not presented by any exception taken on the trial. And as this review is upon an appeal from the judgment only, no question not so raised by exception is here for consideration.
After the arrest was made, and when the defendant was taking the plaintiff away, the plaintiff’s brother offered to turn out to the defendant his horse and wagon which he was then driving for levy and sale on the execution, which the latter declined to take. The offer of the plaintiff to prove the value of such horse and buggy was excluded, and he excepted, and it is contended that this ruling was error. We think not. The arrest having been made, the officer could not then have been required to make a levy or to accept anything other than money to satisfy the execution and release the prisoner from custody. The evidence of value of the property was, therefore, immaterial.
The defendant did not call upon the plaintiff and make any inquiry of him about his property before the occasion that he proceeded to make the arrest. The court was requested to charge the jury that the diligence in searching for property required that the officer should have inquired of the plaintiff, before arresting him, whether he had any property, which was declined and exception taken. The propriety of such an inquiry with a view to ascertain whether a judgment debtor has property which may be taken in execution is apparent, and the Omission to do so, if he at the time has such property, would be a fact properly; *795 for the consideration of the jury on the question of diligence of the officer in that respect, but there may be circumstances which would render it prudent after diligent search, without such inquiry, to make the arrest. It cannot be held as matter of law to be the duty of an officer to make such inquiry of the debtor. The officer must act in good faith, and whether he by mere negligence or for the purpose of an opportunity to make the arrest omits to make any inquiry of him concerning his property and takes the judgment debtor into custody, the jury might find in that a fact entitled to their consideration, against the officer, if the debtor at the time had property upon which levy may have been made. Because, while reasonable intendments may go in support of the official purposes and acts of ministerial officers, they will be chargeable for an abuse of their authority in the execution of process, which results in the unreasonable and unnecessary oppression or prejudice to the persons against whom or whose property it is issued. Rogers v„ Brewster, 5 Johns., 125.
And this rule is applicable to the act of arresting the judgment debtor when property is known by the officer to be available to levy and sale on an execution like the one in question. Platt v. Sherry, 7 Wend., 236.
But we think no rule of law was violated by the refusal of the court to charge that the requisite diligence of the officer in searching for property, required that inquiry on the subject be made of the judgment debtor. And no question is presented in respect to the effect that might be given by the jury to the omission to make such inquiry.
At or about the time of the arrest the plaintiff stated to the defendant that he owned a mowing machine upon which a levy could be made and which there is evidence tending to prove he offered to turn out, but the evidence is that the offer was not made until after the arrest. The evidence of the plaintiff and his brother was to the effect that the machine was owned by the plaintiff. The court was requested and declined to charge the jury that they were bound upon this evidence to take as a fact that the plaintiff was owner of it. And exception was taken to refusal to so charge. The plaintiff testified that he purchased the mowing machine of his brother and paid Mm for it, but had never taken possession of it, and the evidence of the latter was that he knew the plaintiff had the mowing macMne on his (witness’) place. This evidence was not disputed by that of any witness. The interest of the plaintiff, the conflict of some of Ms statements with those of other witnesses, and the evidence bearing upon his character for veracity, made his credibility a question for the jury. The fact that the brother took some part in the *796 matter of producing the plaintiff’s release from the custody of the officer, and in view of his relation to the plaintiff, the jury may have been permitted to conclude that he was not free from bias and not disinterested in the question, and it was for them to say whether his credibility was not in some degree affected by that situation. Dean v. VanNostrand, 23 N. Y. Week. Dig., 97; S. 0., 3 East. Rep., 666; Taylor on Ev., § 44. And whatever view might be entertained of this proposition upon the question of the weight of evidence if that were here, we think the refusal to charge it was not error.
These views cover all the exceptions.
The judgment should be affirmed.
Smith, P. J., concurs.