ABEL R. MULDER, Respondent, v. U. S. SLICING MACHINE
COMPANY et al., Appellants.

Torts — action for malicious prosecution — evidence — erro-
neous admission on second trial of order of Appellate Division
modifying and reducing judgment for plaintiff — when error
not corrected by instruction of trial judge — erroneous rulings
upon evidence offered to show probable cause.

1. Plaintiff seeks to recover damages by reason of the acts of the
defendants, whom it is charged in the complaint maliciously and with-
out reasonable or probable cause therefor charged plaintiff before a
police justice with the crime of grand larceny in the second degree and
procured a warrant to be issued by the justice for the arrest of plaintiff
who was apprehended, held to bail and imprisoned thereunder until
released on bail, and thereafter the charge was withdrawn by
defendants. The Appellate Division reversed a judgment for plain-
tiff entered on a verdict and granted a new trial upon the ground
that the verdict was excessive, unless plaintiff should stipulate to
reduce the amount to the sum named in the order. The plaintiff
declined to give the stipulation and proceeded to a second trial of the
action. On this trial plaintiff's counsel offered in evidence the order
of the Appellate Division granting a new trial, and the same was
received over objection and exception of counsel for defendants.
Held, that the admission of the order in evidence was prejudicial
error.

2. At the close of the charge the counsel for defendants requested
the court to charge that the reduction of the verdict rendered upon the
former trial was no indication that the plaintiff is entitled to recover
any verdict upon this occasion. Held, that the instructions of the trial
justice in reply to the request did not correct or modify the error in
the admission of the order in evidence.

3. The subject of the alleged larceny was certain personal prop-
erty. As tending to show plaintiff's dealings with reference to the
same he was permitted to testify to conversations with the persons
with whom he dealt as to the nature of the transaction between
them, and to prove by them, as tending to show that no crime had
been committed by him, the conversations between them and one of
the defendants upon the questions of whether or not such defendant
had reasonable grounds to believe that plaintiff had committed the
crime of larceny. Such facts were pertinent to the question of probable
cause.

4. The advice of counsel for the prosecutor prompting him to withdraw the charge against plaintiff rendered subsequent to the arrest and detention had no bearing on the question as to probable cause or malice and was properly excluded.

*Mulder* v. *U. S. Slicing Machine Co.*, 187 App. Div. 921, reversed.

(Argued January 14, 1920; decided February 24, 1920.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered January 17, 1919, unanimously affirming a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material are stated in the opinion.

*T. P. McCarrick* and *Everett K. Van Allen* for appellants. The admission in evidence of the order of the Appellate Division reversing the former judgment of the trial court was erroneous. (*Griebel* v. *Rochester Printing Co.*, 24 App. Div 288; *Rice* v. *Mayor, etc.*, 12 Daly, 72; *Elliott* v. *Saengene*, 20 Misc. Rep. 18; *Laughlin* v. *Grand Rapids St. R. R. Co.*, 80 Mich. 154; *Hudson* v. *Hudson*, 90 Ga. 581; *Good* v. *Mylin*, 13 Penn. St. 538; *Somes* v. *Ainsworth*, 33 Tex. Civ. App. 7; *Baker* v. *Madison*, 62 Wis. 137; *Bell* v. *McMaster*, 29 Hun, 272; *Heddes* v. *C. & N. W. R. R. Co.*, 77 Wis. 228.) The court erred in admitting in evidence conversations which took place between the plaintiff and Louis Eisentrager and details involved in the sale to Root and the conversations between plaintiff and Hendee. (*Rawson* v. *Leggett*, 184 N. Y. 511.) The court erred in admitting statements by plaintiff of his intent in taking the machine from Eisentrager and selling it to Root and also what he expected to do with the old Burkhalter & Dean machine. (*Rawson* v. *Leggett*, 184 N. Y. 504.) The trial court erred in admitting in evidence the letter from J. C. Woodington to plaintiff. (*Anderson* v. *Rome, W. & O. R. R. Co.*, 54

N. Y. 334; *O'Hagan* v. *Dillon*, 76 N. Y. 170; *Neudecker* v. *Kohlberg*, 81 N. Y. 296; *Baird* v. *Gillett*, 47 N. Y. 186.)

*Charles Van Voorhis* for respondent. There was no error in receiving in evidence the order of the Appellate Division. The result of the former trial was not disclosed. (*Elliott* v. *Luegne*, 20 Misc. Rep. 19.) If there was error in the reception of the order of the Appellate Division it was not prejudicial to the defendants, and particularly so in view of the instruction of the court to the jury upon the request of counsel for the defendants. (*Heddes* v. *C. & N. W. R. R. Co.*, 77 Wis. 228; *Kunz* v. *City of Troy*, 1 N. Y. Supp. 596; *C. R. R. Co.* v. *Dillon*, 123 Ill. 570; *Ball* v. *K. & N. W. R. R. Co.*, 74 Iowa, 132; *Miller* v. *Boone Co.*, 95 Iowa, 5; *MacLane* v. *Paschal*, 74 Tex. 20.) The court properly overruled the objection to the reception of evidence. (*Patterson* v. *Garlock*, 39 Mich. 447; *Katterman* v. *Stitzer*, 7 Watts [Penn.], 189; *Long* v. *Rogers*, 17 Ala. 540.)

HOGAN, J. The plaintiff seeks in this action to recover damages by reason of the acts of the defendants, whom it is charged in the complaint maliciously and without reasonable or probable cause therefor charged plaintiff before a police justice of the city of Rochester with the crime of grand larceny in the second degree and procured a warrant to be issued by the justice for the arrest of plaintiff who was apprehended, held to bail and imprisoned for three days until released on bail, and thereafter the charge was withdrawn by defendants.

Upon a former trial of the action the plaintiff was awarded a verdict of two thousand five hundred dollars, and from a judgment therefor defendants appealed to the Appellate Division and the latter court by an order duly made in January, 1918, reversed the judgment and granted a new trial, with costs to appellants to abide the event, upon the ground that the verdict was excessive, unless

plaintiff should within ten days stipulate to reduce the verdict to the sum of five hundred dollars as of the date of the rendition thereof, in which event the judgment should be modified accordingly, and as so modified affirmed, without costs of the appeal to either party.

The plaintiff declined to give the stipulation and proceeded to a second trial of the action, now under review. Upon that trial the jury rendered a verdict for two thousand eight hundred dollars which has been unanimously affirmed by the Appellate Division.

In view of the fact that the judgment herein must be reversed reference to the facts contained in the record, and a review of the same in connection with numerous exceptions argued by appellants which would render the opinion of unnecessary length is deemed unnecessary.

Immediately before the close of plaintiff's case, plaintiff's counsel offered in evidence the order of the Appellate Division granting a new trial, and the same was received over objection and exception of counsel for defendants. The order was, thereupon, read by counsel for plaintiff. The admission of the order in evidence was prejudicial error.

Counsel for the respondent seeks to justify the admission in evidence of the order upon two grounds, *first,* as information to the jury why the cause was being tried a second time and not leaving them to reason or guess and conjecture; *second,* in the event that the verdict of the jury on the second trial was for plaintiff to let the Appellate Division know in case of an appeal that the jury understood its idea of the plaintiff's damages.

The duty imposed upon a jury is to hear the evidence adduced upon the trial, apply the rules of law as declared by the court and render a verdict thereon. The order of the Appellate Division was incompetent, as would have been an order made on a former trial by the trial justice setting aside the verdict for insufficient damages. One order would indicate to a jury that a

former verdict was insufficient in amount, the other order that the plaintiff was entitled to recover and at least five hundred dollars damages. As to the second ground the Appellate Division, in the event of an appeal, would observe from the record and judgment the amount of damages the jury believed plaintiff entitled to recover and should be awarded.

At the close of the charge the counsel for defendants requested the court to charge that the reduction of the verdict rendered upon the last trial is no indication that the plaintiff is entitled to recover any verdict upon this occasion. In reply the court said:

" We are trying this case just as it appears here and under the evidence here and the law as given in this case. We are not concerned with any previous disposition or determination by any other tribunal in the world. This is a civil action and the rule is fair preponderance of the evidence, not beyond a reasonable doubt. We are not trying the criminal case and we are not to determine whether the man was guilty or innocent of the crime as controlling on the action here."

The fact remains that the evidence was before the jury. We cannot say that the instructions of the trial justice corrected or modified the error in the admission of the order in evidence or sanctions the practice adopted.

Numerous questions are presented as to the admission of evidence over objection and exception.

The trial justice in his charge to the jury followed closely the law as stated by this court (*Burt* v. *Smith*, 181 N. Y. 1) and later reiterated (*Galley* v. *Brennan*, 216 N. Y. 118) upon the subject of probable cause and malice in actions to recover damages for malicious prosecution, and submitted to the jury the question as to whether the defendant within the principles stated had probable cause to believe that the plaintiff had committed the crime of grand larceny at the time the information was sworn to in the police court at Rochester; that probable

cause and malice must have existed at that time; that subsequent acts and circumstances were important only in determining the questions of malice and the situation between the parties as it existed at that time.

The burden rested on plaintiff to establish the prosecutor did not have reasonable grounds to believe that defendant had committed a crime. Evidence of conversations between individuals who are possessed of knowledge of facts surrounding the transaction and the prosecutor, prior to the sworn information, which may tend to disclose that the prosecutor had knowledge of facts which would exonerate the accused from a criminal charge or that the accused was not guilty of a crime, and likewise pertinent acts and declarations of the prosecutor subsequent to the arrest are competent upon the question of probable cause and malice. (*Whitney v. N. Y. Cas. Ins. Assn.*, 27 App. Div. 320, and cases there cited.)

The subject of the alleged larceny was certain personal property. As tending to show plaintiff's dealings with reference to the same he was permitted to testify to conversations with the persons with whom he dealt as to the nature of the transaction between them. The persons with whom the conversations were had were called as witnesses by plaintiff. They also had interviews with defendant Shetter before the information upon which the warrant of arrest was issued and gave such conversations. The plaintiff was entitled to testify as to the facts relating to his dealings with the parties named, and to prove by such parties, as tending to show that no crime had been committed by him, the conversations between them and defendant Shetter upon the question of whether or not Shetter had reasonable grounds to believe that plaintiff had committed the crime of larceny, as such facts were pertinent to the question of probable cause. The advice of counsel for the prosecutor prompting him to withdraw the charge against plaintiff rendered subsequent to the

arrest and detention had no bearing on the question as to probable cause or malice and was properly excluded.

The letter. received by plaintiff from an officer of the defendant corporation written three years before the prosecution which contained statements immaterial to this action was improperly received in evidence.

Sufficient appears without further comment to require a reversal of the judgment. In view of the principles of law referred to and the suggestions made as to rulings on evidence, we doubt not that a trial justice upon a new trial will apply the proper rules of law as to the admission of evidence.

The judgments should be reversed and a new trial granted, costs to abide the event.

HISCOCK, Ch. J., COLLIN, POUND, MCLAUGHLIN, ANDREWS and ELKUS, JJ., concur.

Judgments reversed, etc.