EDWARD E. DEAN, Appellant, *v.* JOHN KOCHENDORFER, Respondent.

**Malicious prosecution — abuse of process — probable cause — malice — when prima facie case of malicious prosecution and abuse of process made out.**

1. Where it may be inferred from the testimony that defendant, a magistrate, issued the process of his court on the complaint of another on facts not constituting the offense charged, for his private purpose of compelling plaintiff to appear before him, to harass and oppress him, the jury may say that the magistrate instituted the prosecution, and a *prima facie* case of malicious prosecution is made out.

2. Where malice or any improper or wrongful motive or lack of probable cause on the part of the magistrate exists, it may be inferred that the prosecution was malicious.

3. The honest and reasonable belief of the magistrate that the plaintiff was guilty of the offense charged against him does not constitute probable cause and will not exonerate defendant if the facts as presented to him do not constitute the offense.

4. The gist of the action for abuse of process is the improper use of process after it is issued. To show that regularly issued process is perverted to the accomplishment of an improper purpose is enough. If a magistrate institutes a prosecution before himself without probable cause, and deliberately uses the process issued by him thereon, not for the legitimate purpose of hearing the case, but to bring the accused into his presence in order to chide him under the guise of judicial action, the act savors of oppression and constitutes an illegal abuse of process.

*Dean* v. *Kochendorfer*, 206 App. Div. 777, reversed.

(Argued January 11, 1924; decided February 19, 1924.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department,

entered July 6, 1923, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term.

*J. Sheldon Frost* and *Edward E. Dean* for appellant. The plaintiff made out a *prima facie* case to justify an inference of malicious prosecution or abuse of process upon the part of the defendant. This inference is one of fact for the jury. (*Begman* v. *Kriss,* 83 App. Div. 1; *Sultan of Turkey* v. *Tiryakian,* 213 N. Y. 429; *Dishaw* v. *Wadleigh,* 15 App. Div. 205; *Foy* v. *Barry,* 87 App. Div. 291; *Petry* v. *Childs & Co.,* 43 Misc. Rep. 108; *Bebinger* v. *Sweet,* 1 Abb. [N. C.] 263; *Hazard* v. *Harding,* 62 How. Pr. 326; *Brodsky* v. *Hibel,* 94 Misc. Rep. 312; *Beardsley* v. *Soper,* 184 App. Div. 399; *Kline* v. *Hibbard,* 80 Hun, 50.) The jury might have determined the evidence established that respondent acted from malicious motives in prosecuting the appellant and that he had no sufficient reason to believe him guilty of the offense charged. (*Pike* v. *Honsinger,* 155 N. Y. 201; *Higgins* v. *Eagleton,* 155 N. Y. 466; *Waldron* v. *Fargo,* 170 N. Y. 130; *Brown* v. *Selfridge,* 224 U. S. 189; *Gluck* v. *Bedford, etc., Co.,* 195 App. Div. 493; *Klein* v. *Waltman,* 188 N. Y. Supp. 331; *Burt* v. *Smith,* 181 N. Y. 1; *Burns* v. *Wilkinson,* 228 N. Y. 113; *Foy* v. *Barry,* 87 App. Div. 291; *Dishaw* v. *Wadleigh,* 15 App. Div. 205.) No crime had been committed by the appellant and the commission of a crime was not shown by the evidence before the magistrate. (*People* v. *Magnes,* 187 N. Y. Supp. 913; *People ex rel. Leary* v. *Levy,* 186 App. Div. 444; *Halsey* v. *N. Y. Society,* 191 App. Div. 245; *Dishaw* v. *Wadleigh,* 15 App. Div. 205; *Matter of Dean* v. *Kochendorfer,* 198 App. Div. 1009.)

*Henry Vollmer, Jr.,* and *George C. Wildermuth* for respondent. The plaintiff failed to show facts sufficient

to constitute a cause of action. (*McMorris* v. *Howell*, 89 App. Div. 272; *McClerg* v. *Vielee*, 116 App. Div. 731; *Burt* v. *Smith*, 181 N. Y. 1; *Burns* v. *Wilkinson*, 228 N. Y. 113; *Halsey* v. *New York Society*, 191 App. Div. 245.) Plaintiff failed to show want of probable cause. (*People* v. *Mansi*, 129 App. Div. 386; *Besson* v. *Southard*, 10 N. Y. 238; *Cousins* v. *Sword*, 14 App. Div. 338; 162 N. Y. 625; *Thaule* v. *Krekeler*, 81 N. Y. 433.)

POUND, J. The action is for malicious prosecution and malicious abuse of process. On the trial plaintiff was nonsuited. Judgment was affirmed by a divided court. Plaintiff is a lawyer and defendant is a city magistrate. The controversy arose over the conduct of plaintiff at the Town Hall in Jamaica on April 25, 1921, where the Magistrate's Court is held. While plaintiff was in the hallway, awaiting the arrival of a witness in a case set for trial on that day, he was ejected from the building by O'Leary, a police officer, who charged him with " loitering," against his protest that he was there in the proper discharge of his duty to his client in the regular administration of justice. It appears that defendant, with a desire to check the soliciting of business about the hall, had made a rule against the practice. Plaintiff at once began a civil action against O'Leary to recover damages for assault and false arrest. O'Leary then brought to the attention of the magistrate the fact that a summons had been served on him and told him " that is what I get for my good work in the Hall." On the 26th of April defendant told Louis Cohen, a lawyer, that he would like to see plaintiff about the matter; that the police officer was simply carrying out his orders and it looked to him as if he (defendant) would have to stand the expense of his defense. Plaintiff declined to respond and defendant on the following day, on being told by Cohen that plaintiff did not propose to come over, said he would issue a warrant for his arrest; " Give him thirty

days in the cooler and see if that will bring him over."
On a charge preferred by O'Leary, plaintiff was on
April 28th brought before the defendant as city magis-
trate, charged with disorderly conduct, " loitering in the
hall, refusing to move and talking in a loud manner,"
and after a hearing was found guilty.  Defendant said on
the examination of plaintiff: " You are not brought here
for the purpose of harassing or annoying you, but more
for the purpose that *I desire* all lawyers to uphold the
law," and, at the close of the hearing, said: " I feel more
hurt than I do angry to think that a member of the bar
is the first to refuse to *uphold me* " (in respect to the rule
above referred to).  Sentence was suspended.  An appeal
was allowed by the county judge and the judgment of
conviction was reversed by the County Court of Queens
county on the law and the facts.

The first question is whether plaintiff made out a *prima
facie* case of malicious prosecution.  Did plaintiff's testi-
mony tend to show that defendant instituted the prosecu-
tion and instituted it in malice, without probable cause
to believe that it could succeed and simply to harass
and 'oppress the plaintiff?  (*Burt* v. *Smith,* 181 N. Y.
1, 5.)

O'Leary, called as a witness for the plaintiff on the
trial of this action, gave inconsistent testimony.  He
testified that he turned over to defendant the summons
in the action against him at defendant's request, and that
defendant said in substance that he would send for
plaintiff to come down and see him and settle it out of
court if he could; also that he (O'Leary) afterwards said
to defendant, not in connection with the civil suit, that
he wanted to charge plaintiff with disorderly conduct and
that defendant told him to wait until he sent for plaintiff,
because he didn't want a lawyer summoned into court on
a charge of disorderly conduct without seeing him first.
He thus presented two views of defendant's conduct:
*First,* as that of one who would fix the matter up by inter-

ceding with plaintiff in O'Leary's behalf, and *second,* as that of a judicious magistrate who would not have a lawyer arrested on a charge of disorderly conduct before he was given an opportunity to make his explanation.

Defendant contends that the only possible inference from the evidence is that O'Leary instituted the prosecution of plaintiff; not only that defendant did not instigate the prosecution, but also that he acted on O'Leary's complaint in good faith, with probable cause and without malice.

Plaintiff contends that the inference was permissible that defendant willfully issued the process of his court to accomplish his private purpose of compelling plaintiff to settle the action against O'Leary, and also to punish plaintiff for his refusal to come over to discuss the case with him.

Judgment of conviction might be used as a justification or bar in plaintiff's civil action against O'Leary whom defendant was trying to protect. The intimate relations between defendant and O'Leary are significant in this connection. Considering such relations and the fact that defendant took it amiss because plaintiff objected to O'Leary's conduct in carrying out the magistrate's order against " loitering," plaintiff made out a *prima facie* case of malicious prosecution.

If the magistrate and O'Leary acted together to institute the prosecution against plaintiff, the other elements of malicious prosecution may fairly be evolved from the evidence. The jury might say that defendant instigated the prosecution and was the direct agent in effecting the arrest. O'Leary says that the fact was otherwise, but O'Leary, although plaintiff's witness, was hostile and the jury was not bound to give credence to the version of his evidence most favorable to defendant. Cohen says defendant told him that if plaintiff would not come voluntarily to see him, he would issue a warrant for his arrest; " give him thirty days in the cooler and that will bring

him over." No very violent inference from the facts would be drawn if the jury found that he meant thereby that *he* would have a warrant issued against plaintiff to punish him for his refusal to come voluntarily to see the magistrate. The magistrate in substance admitted that it was he who brought the plaintiff before him. That defendant acted without probable cause might be inferred from the evidence that he relied on a rule which he had made that no person shall speak to another in the hallway adjacent thereto to solicit business and that under that rule it was the duty of plaintiff to move on when the officer told him to do so. He had no probable cause to regard as disorderly conduct such a legitimate assertion of plaintiff's right to be in the Town Hall about his business as an attorney. That defendant acted maliciously might be inferred from the evidence that he said in substance that he would issue his warrant to punish plaintiff for his contumacy.

Want of probable cause and malice are seldom established by direct evidence of an ulterior motive. They often rest upon circumstances such as the relation of the parties and the object sought or accomplished. Where malice or any improper or wrongful motive, or lack of probable cause exists it may be inferred that the act was malicious. Defendant might have acted in the honest and reasonable belief that plaintiff was guilty of disorderly conduct, but his good faith would not exonerate him if the facts themselves as presented to him did not constitute disorderly conduct. (*Carl* v. *Ayers*, 53 N. Y. 14, 17; *Fagnan* v. *Knox*, 66 N. Y. 525, 528; *Mulder* v. *U. S. Slicing Mach. Co.*, 228 N. Y. 88, 93; *Director Gen. of Railroads* v. *Kastenbaum*, 263 U. S. 25.)

O'Leary testified before the magistrate on the charge against plaintiff merely that plaintiff was in the hall and was put out when he refused to go, because O'Leary was acting on the judge's orders. This was the basis of the charge of disorderly conduct and was the magistrate's

conception of disorderly conduct on which he issued his warrant and found plaintiff guilty.

The action is one for abuse of process as well as for malicious prosecution. The gist of the action for abuse of process lies in the improper use of process after it is issued. To show that regularly issued process was perverted to the accomplishment of an improper purpose is enough. (*Rogers* v. *Brewster*, 5 Johns. 125; *Baldwin* v. *Weed*, 17 Wend. 224.) If a magistrate instigates a prosecution before himself without probable cause and deliberately uses the process issued by him therein, not for the legitimate purpose of hearing the case, but to show his authority and to gratify his personal feelings of importance, the act savors of oppression (Penal Law, § 854) and constitutes an illegal abuse of process. If it may be inferred that the warrant was issued by defendant merely to bring plaintiff into the presence of the magistrate in order that defendant might lecture and chide him under the guise of judicial action, a *prima facie* case of abuse of process is well made out.

Considering defendant's statement on the hearing that plaintiff was brought before him for the purpose of making him realize that "*I* desire all lawyers to uphold the law" (meaning his rule), and the other evidence in the case, it follows that this question was also presented.

The judgment should be reversed and a new trial granted, with costs to abide the event.

HISCOCK, Ch. J., CARDOZO, MCLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ., concur.

Judgments reversed, etc.