THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.*
PETER GUARDINO, Appellant.

Argued June 6, 1941;  decided July 29, 1941.

*Maurice Edelbaum* for appellant.  The People failed to
furnish any testimony required by subdivision 9 of section
2460 of the Penal Law.  (*People* v. *O'Farrell*, 175 N. Y.
323; *People* v. *Taleisnik*, 225 N. Y. 489; *People* v. *Downs*,
236 N. Y. 306; *People* v. *Plath*, 100 N. Y. 590; *People* v.
*Page*, 162 N. Y. 272; *People* v. *Kingsley*, 166 App. Div.

320; *People* v. *Seaman*, 152 App. Div. 495; *People* v. *Farina*, 134 App. Div. 110; *People* v. *O'Sullivan*, 104 N. Y. 481; *People* v. *Kearney*, 110 N. Y. 188; *People* v. *Love*, 153 App. Div. 907; *People* v. *Draper*, 169 App. Div. 479.)

*William O'Dwyer, District Attorney* (*Edward H. Levine* of counsel), for respondent. The People established the necessary corroboration to satisfy the requirement of subdivision 9 of section 2460 of the Penal Law. (*People* v. *Draper*, 169 App. Div. 479; *People* v. *Deitsch*, 237 N. Y. 300; *People* v. *Trombino*, 238 App. Div. 61; *People* v. *Luciano*, 277 N. Y. 348; *People* v. *McKane*, 143 N. Y. 455.)

LEWIS, J.   The defendant Peter Guardino stands convicted of the crime of compulsory prostitution of women, in violation of section 2460 of the Penal Law, which provides in part as follows:

" § 2460.   Compulsory prostitution of women.

" 1.   *   *   *

" 2.   *   *   *

" 3. Any person who shall induce, entice or procure, or attempt to induce, entice or procure any woman or girl for the purposes of prostitution or concubinage, or for any other immoral purpose, or to enter any house of prostitution in this state shall be deemed guilty of a felony and, on conviction thereof, shall be punishable by imprisonment for a period of not less than two years nor more than twenty years and by a fine not exceeding five thousand dollars.

" 4.   *   *   *

" 5.   *   *   *

" 8. Any person who shall knowingly accept, receive, levy, or appropriate any money or other valuable thing without consideration, from the proceeds or earnings of any woman engaged in prostitution shall be deemed guilty of a felony and, on conviction thereof, shall be punishable by imprisonment for a period of not less than two years nor more than twenty years and by a fine not exceeding

one thousand dollars. Any such acceptance, receipt, levy, or appropriation of such money or valuable thing shall upon any proceeding or trial for violation of this section be presumptive evidence of lack of consideration.

"9. * * *."

The jury by which the defendant was convicted, and the Appellate Division by which the judgment of conviction has been affirmed, were satisfied that the record contains proof which establishes beyond a reasonable doubt that the defendant violated the penal statute quoted above.

In our review of the case, to ascertain whether there is any substantial evidence to sustain the finding of defendant's guilt, we have searched the record to determine whether the evidence satisfies the further statutory requirement, which is peculiar to this type of case, that " No conviction shall be had under this section upon the testimony of the female unless supported by other evidence." (Penal Law, § 2460, subd. 9.)

The testimony chiefly relied upon by the District Attorney to prove defendant's guilt, was adduced from two young women named in the indictment — hereinafter referred to as the complainants — who were the alleged victims of the defendant's procurement and from whom he is charged with having appropriated moneys earned from prostitution. Upon the trial herein each of the complainants testified that she had pleaded guilty of being a prostitute.

Omitting a recital of sordid details with which the record is replete, it is sufficient to note the District Attorney's argument that, within the requirement of Penal Law, section 2460, subdivision 9, quoted above, the evidence given by the two complainants, whose testimony is said to corroborate each other, was competent to satisfy Penal Law, section 2460, subdivision 9, and thus tended to establish the defendant's guilt. Such an argument disregards the fact that the quality of mutual corroboration thus claimed for the complainant's testimony was withdrawn from the jury's consideration when the trial judge charged that " the testimony of a second prostitute is not sufficient

to corroborate the testimony of the first prostitute." We must assume that in reaching its verdict, the jury gave full heed to instructions by the trial judge given upon that subject. "The duty imposed upon a jury is to hear the evidence adduced upon the trial, apply the rules of law as declared by the court and render a verdict thereon." (*Mulder* v. *U. S. Slicing Machine Co.*, 228 N. Y. 88, 91.) The question of whether the charge of the trial judge was correct should await determination until directly presented and fully argued.

Proceeding, as we must, upon the assumption that the jury did not accept the testimony of either complainant as corroborative of the other, we have examined the record to ascertain whether, within the requirement of the statute, the testimony of either complainant is "supported by other evidence."

The defendant was tried with one Luigi Mangione upon a single indictment which charged that by acts which are alleged to have been connected together and constituted parts of a common scheme and plan the present defendant and Mangione on or about February 8, 1940, and prior thereto, induced and procured each of the two complainants to live a life of prostitution, and that on or about February 8, 1940, the defendant and Mangione knowingly appropriated certain sums of money which were known by them to be the proceeds and earnings of prostitution by the complainants, who were described as women engaged in prostitution. Upon the trial it appeared from the testimony of each complainant that on the night of February 8, 1940, as a result of procurement by the defendant and Mangione, the complainants were engaged in a life of prostitution at 237 Penn street in the borough of Brooklyn, and that during that night the defendant appropriated from both complainants certain sums earned by them in prostitution. It also appears from the testimony of one of the complainants that prior to February 8, 1940, she had lived for at least seven nights as a prostitute at No. 72 Throop avenue, from which address she had moved when she was

told by Mangione that detectives had placed that house under surveillance due to complaints that too many men were frequenting the place. In an effort to support this testimony " by other evidence " (Penal Law, § 2460, subd. 9) the District Attorney called the People's witness Rendfleish, who testified that he had known Mangione and that Mangione had called at his room accompanied by one of the complainants. It also appears that the young woman who accompanied Mangione was the complainant who, prior to February 8, 1940, for a period of at least seven nights, had engaged in prostitution at No. 72 Throop avenue, and when advised to do so by Mangione, had moved from that address. The examination of Rendfleish adduced the following:

Redirect examination by Mr. McDonald (Assistant District Attorney): " Q. What did he [Mangione] tell you about what had happened at his own house? * * * A. He said he had trouble; they made complaints about him, about many men coming * * *."

Recross examination by Mr. Drescher (attorney for Mangione): " Q. Did you know Louis Mangione's address, the old house that you are referring to? A. Old house? Q. You said something — By the Court: Q. This place he spoke about, where he told you that he had some trouble. A. He had some trouble there. Q. What was the address? A. *45 Throop Avenue.*"

This evidence, instead of supporting the complainants' testimony as to events which occurred at 72 Throop avenue, refers to " trouble " which Mangione had at " 45 Throop Avenue."

The District Attorney also asserts that the evidence given by the complainants finds support in the testimony of the People's witness Steinbach, the police officer who arrested the defendant. His testimony tended only to establish an admission by the defendant that at some time — no date being given — he had visited the premises at 237 Penn street when one of the complainants was there.

We do not find that the testimony given by the complainants is supported by " other evidence " of a type which satisfies the requirement of Penal Law, section 2460, subdivision 9. (*People* v. *Plath,* 100 N. Y. 590, 593, 594; *People* v. *Page,* 162 N. Y. 272, 274; *People* v. *Taleisnik,* 225 N. Y. 489, 494, 495.)

The judgments should be reversed and a new trial ordered.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, CONWAY and DESMOND, JJ., concur.

Judgments reversed, etc.