■ PARR MEADOWS RACING ASSOCIATION, INC., Respondent, v EUGENE T. WHITE et al., Appellants.—In an action based upon alleged abuses of process, to recover compensatory and punitive damages and to declare certain settlement agreements void and unenforceable, defendants appeal from an order of the Supreme Court, Suffolk County, entered January 8, 1979, which denied their respective motions to dismiss the complaint for failure to state a cause of action or for summary judgment. Appeal by defendants George P. Tobler and George P. Tobler, Inc., dismissed, without costs or disbursements, for failure to perfect. Order affirmed with respect to the other defendants, with one bill of $50 costs and disbursements payable jointly by appellants appearing separately and filing separate briefs. In our

view, the complaint adequately states causes of action for abuse of process against all of the defendants. Plaintiff satisfactorily alleges (1) the issuance of process (notices of pendency) compelling the performance or forebearance of some prescribed act, (2) that the defendants were moved by a purpose to do harm without economic or social excuse or justification, and (3) that defendants were seeking some collateral advantage or corresponding detriment to the plaintiff which is outside the legitimate ends of the process (see *Board of Educ. v Farmingdale Classroom Teachers Assn.*, 38 NY2d 397, 403). The fact that the complaint further alleges that the notices of pendency were filed without just cause in the first instance does not necessarily cast plaintiff's cause as malicious prosecution rather than abuse of process. "While the courts commonly refer to abuse of process as being the perversion of a 'regularly' issued process, such language is used for the purpose of calling attention to the fact that the action commonly lies notwithstanding the process may have been regularly issued, rather than that the action will not lie if the process was void or irregular. The gist of the action is the misuse of process, and the regularity or irregularity of its issuance is immaterial." (1 Am Jur 2d, Abuse of Process, § 5.) Although Special Term's memorandum did not address the summary judgment portions of the motions, we have reviewed the papers submitted in connection therewith, and are satisfied that questions of fact are presented with respect to each of the elements of abuse of process sufficient to sustain the denial of summary judgment. Lastly, we find that the complaint adequately alleges willful and malicious conduct on the part of defendants so as to permit plaintiff to pursue its claim for punitive damages. We have considered defendants' other arguments and find them to be without merit. Cohalan, J. P., Margett, Martuscello and Weinstein, JJ., concur.