**Richard L. KLASS and Connecticut Capital Markets, LLC, Plaintiffs,**

v.

**Elizabeth FRAZER, Werner Uhlmann, Per Hedblom, Luc Verelst, Bernt Hofstad, Neil MacLachlan and Total Investment Services, B.V., Defendants.**

No. 03 CIV. 6725(CLB).

United States District Court, S.D. New York.

Nov. 7, 2003.

William H. Sloane, Esq. of Carter Ledyard & Milburn LLP, New York City, for Plaintiff.

Andrew J. Goodman, Esq. of Kurzman Eisenberg Corbin Lever & Goodman, New York City, for Defendant.

### Memorandum and Order

BRIEANT, District Judge.

By Motion filed October 8, 2003, heard and fully submitted on October 31, 2003, Defendants have moved pursuant to Fed. R.Civ.P. 12(b)(6) to dismiss this action for abuse of process.

The following facts are of record, or assumed for purposes of the motion. Plaintiffs are among the Defendants in a case, *Frazer et al. v. Klass et al.*, Docket No. 03–CV–4792 (CLB), pending in this Court. Plaintiffs in this action claim that Defendants in this action (the Plaintiffs in the *Frazer* case), commenced that civil action against Plaintiffs for the purpose of extorting money from the Plaintiffs, and in an attempt to carry out their threats to "destroy" Richard Klass and his relationship with his wife.

The Amended Complaint filed September 22, 2003 alleges that John Weldon, acting on behalf of himself and the Defendants, told Klass that they would go to the Securities Exchange Commission and the police with criminal allegations if Klass did not pay him and defendants $1 million and that he would sue Klass with the backing of the defendants, would have Mr. Klass put in jail and would destroy him and his relationship with his wife. (Amended Complaint at ¶ 27). Thereafter on June 26, 2003 the *Frazer* action, referred to above, was filed in this Court. Plaintiffs allege that the Defendants in this case publicized the filing of the *Frazer* case, to Plaintiffs' detriment.

The *Frazer* complaint, of which this Court takes judicial notice, contains 103 separately numbered paragraphs, followed by a five page demand for relief, hardly the "short and plain statement" contemplated by Rule 8(a) Fed. R.Civ. P. Among the claims pleaded, beginning at ¶ 84, is Count VI, entitled "Fraudulent Conveyance Against Richard Klass and Anne Klass". That paragraph alleges that Defendant Richard Klass gratuitously transferred certain funds therein described to Anne Klass "so that she could purchase the premises at 85 Central Avenue, Rye, New York for the sum of $2.5 Million", (¶ 85), and that the transfer was fraudulent in violation of New York Debtor and Creditor Law § 273. The *Frazer* Plaintiffs, Defendants here, filed the customary Notice of Pendency (hereinafter *lis pendens* ), as permitted by law, against the premises at 85 Central Avenue, Rye, New York.

The *lis pendens* remains on file, and Claim VI in the *Frazer* case remains pending.

### Discussion

■ A claim for abuse of process in New York has three elements: regularly issued process, either civil or criminal; intent to do harm without excuse or justification; and use of the process in a perverted manner to obtain a collateral objective. "The gist of the action for abuse of process lies in the improper use of process after it is issued. To show that regularly issued process was perverted to the accomplishment of an improper purpose is enough" *Dean v. Kochendorfer*, 237 N.Y. 384, 390, 143 N.E. 229 (N.Y.1924).

This Court concludes as a matter of New York law that the filing of a *lis pendens* and continuing it in effect can provide a basis for a claim for abuse of process. *Parr Meadows Racing Assn. v. White,* 76 A.D.2d 858, 428 N.Y.S.2d 509 (2d Dept.1980).

The filing of a *lis pendens* is a normal part of any lawsuit to recover a fraudulent transfer which the transferee has invested in real property. While the owner of the property and alleged fraudulent transferee has not sued for abuse of process, this Court places no reliance on that omission, and assumes for the purpose of the motion that the transferor has standing to complain of an abuse of process.

Although the *Frazer* litigation was filed last June, it remains unresolved. While this remains so, Plaintiffs in this case cannot successfully maintain a lawsuit for malicious prosecution of a civil action, a point conceded by Plaintiffs when they amended the complaint in this case.

The filing of the *lis pendens* had a legitimate purpose in aid of the fraudulent conveyance claim. The Amended Complaint in this case contains no allegation of any improper usage of the process to obtain a collateral objective after it was issued. The only purpose of the *lis pendens* is to protect the claim asserted in the lawsuit from the possibility that the fraudulent transferee might convey or mortgage the premises to a person who might claim to be a bona fide encumbrancer without notice, in derogation of the rights of Plaintiffs in the *Frazer* case.

Under New York law, even if malice or vindictive motive is shown, where, as here, the process (*lis pendens*) was used for the purpose for which it was intended (to give to potential purchasers or encumbrances of the property notice of the existence of the *Frazer* lawsuit) an action for abuse of process does not lie. *Hauser v. Bartow,* 273 N.Y. 370, 374, 7 N.E.2d 268 (1937). Everyone has the right to use the machinery of the law, and bad motive does not defeat that right. This is so although the existence of a *lis pendens* as a practical matter will tend to limit or destroy marketability of the subject real property while it remains in effect.

The Amended Complaint fails to state a claim upon which relief can be granted. The motion is granted and the action is dismissed.

The Clerk shall file a final judgment.

SO ORDERED.