12-1307-cv, 12-1335-cv
Rhodes v. United States, Tevins

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of March, two thousand thirteen.

PRESENT:   GERARD E. LYNCH,
                      RAYMOND J. LOHIER, JR.,
                      SUSAN L. CARNEY,
                                  *Circuit Judges*,

_____

ROBERT RHODES,

                                  *Plaintiff - Appellant*,

                    v.                                                              No. 12-1307-cv

UNITED STATES OF AMERICA,

                                  *Defendant - Appellee.*

_____

ROBERT RHODES,

                                  *Plaintiff - Appellant*,

                    v.                                                              No. 12-1335-cv

ROBERT TEVINS, STEVEN MACMARTIN, DONALD MANIA,

                                  *Defendants - Appellees.*

_____

FOR APPELLANT:     STEVEN M. COHEN, HoganWillig, PLLC, Amherst, N.Y.

FOR APPELLEES:     JOSEPH J. KARASZEWSKI, *for* William J. Hochul, Jr.,
                   United States Attorney for the Western District of New
                   York, Buffalo, N.Y.

Appeals from the United States District Court for the Western District of New York (William M. Skretny, *Chief Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the March 8, 2012 judgments of the district court are AFFIRMED.

In these tandem appeals, which we have consolidated for decision, plaintiff-appellant Robert Rhodes appeals from two grants of summary judgment, both entered on March 8, 2012, dismissing his claims. In case number 12-1307 he challenges the dismissal of his claims against the United States, brought under the Federal Tort Claims Act ("FTCA"). In case number 12-1335 he challenges the dismissal of his claims against three officers (the "individual defendants") of the Office of Professional Responsibility of the Department of Homeland Security Immigration and Customs Enforcement ("DHS/ICE OPR"), brought pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). We presume the parties' familiarity with the facts and procedural history of this case, as well as with the issues on appeal.

**I.     Facts**

On the evening of July 21, 2004, Rhodes had an altercation with a Chinese national in the course of his duties as a Customs and Border Protection Officer at the Port of Buffalo entry to the United States. Rhodes was investigated by DHS/ICE OPR and eventually

charged in a criminal indictment with violating 18 U.S.C. § 242, Deprivation of Rights Under Color of Law.[1] On September 8, 2005, Rhodes was acquitted after a jury trial. Rhodes brought the two instant suits on July 23, 2007, alleging, inter alia, false arrest and imprisonment, malicious prosecution, and abuse of process.

## II.    Standard of Review

We review a district court's grant of summary judgment de novo, see Nagle v. Marron, 663 F.3d 100, 104-05 (2d Cir. 2011), and will affirm only if, construing the evidence in the light most favorable to the nonmoving party, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law," Fed. R. Civ. P. 56(a). "There is no genuine issue of material fact where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Durakovic v. Bldg. Serv. 32 BJ Pension Fund, 609 F.3d 133, 137 (2d Cir. 2010) (internal quotation marks and brackets omitted). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient" to defeat a summary judgment motion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). Likewise, "conclusory statements or mere allegations" will not suffice to defeat a summary judgment motion. Davis v. New York, 316 F.3d 93, 100 (2d Cir. 2002).

---

[1] DHS/ICE OPR also suspended Rhodes from his position and sought to have him removed for failing to follow use of force guidelines. Rhodes eventually prevailed in arbitration on June 8, 2008.

3

**III.  FTCA Claims**

Rhodes appeals the dismissal of his claims against the United States for false arrest, false imprisonment, malicious prosecution, and abuse of process.  While sovereign immunity usually shields the United States from being sued without its consent, the FTCA waives sovereign immunity for claims arising from injury "caused by the negligent or wrongful act or omission" of a federal employee.  28 U.S.C. § 1346(b)(1).  The FTCA also waives sovereign immunity for claims "arising out of . . . false imprisonment, false arrest, malicious prosecution, [and] abuse of process" to the extent such claims concern "acts or omissions of [federal] investigative or law enforcement officers."  28 U.S.C. § 2680(h).  To evaluate FTCA claims, courts apply "the law of the place where the act or omission occurred," 28 U.S.C. § 1346(b)(1), in the instant cases, New York.

**A.  False Arrest and Imprisonment**

Under New York law, there is no distinction between false arrest and false imprisonment.  See Liranzo v. United States, 690 F.3d 78, 91 n.13 (2d Cir. 2012).  "Probable cause is a complete defense to an action for false arrest brought under New York law," and "exists when the officers have . . . reasonably trustworthy information as to [ ] facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that an offense has been . . . committed by the person to be arrested."  Ackerson v. City of White Plains, 702 F.3d 15, 19 (2d Cir. 2012) (internal quotation marks omitted) (alterations in original).

Where the plaintiff was arrested pursuant to a warrant issued by a neutral magistrate, as here, we presume that probable cause existed. Walczyk v. Rio, 496 F.3d 139, 155-56 (2d Cir. 2007). Rhodes may rebut this presumption only by showing that "the officer submitting the probable cause affidavit knowingly and intentionally, or with reckless disregard for the truth, made a false statement in his affidavit or omitted material information, and that such false or omitted information was necessary to the finding of probable cause." Soares v. Connecticut, 8 F.3d 917, 920 (2d Cir. 1993) (internal quotation marks omitted). Rhodes's challenges to the accuracy of the affidavit are for the most part inconsequential and/or inaccurate. In any event, even removing the material Rhodes alleges is false and adding the material he alleges was improperly omitted, the "corrected affidavit" would still have supported a finding of probable cause for substantially the reasons stated by the district court, and summary judgment was properly granted.

**B.  Malicious Prosecution**

The district court dismissed Rhodes's malicious prosecution claim for lack of subject matter jurisdiction, finding that it fell within both the discretionary function and intentional tort exceptions to the FTCA's waiver of sovereign immunity. The district court also dismissed the claim on the alternative ground that probable cause existed for Rhodes's prosecution. Rhodes argues that the neither the discretionary function nor the intentional tort exception applied, and that probable cause did not exist.

To the extent that Rhodes has alleged facts sufficient to establish jurisdiction over his malicious prosecution claim, he has not established bad faith conduct by the individual

defendants sufficient to rebut the presumption of probable cause created by the grand jury's indictment. See Boyd v. City of New York, 336 F.3d 72, 76 (2d Cir. 2003). Because probable cause for his prosecution was established, his malicious prosecution claim was properly dismissed.

### C. Abuse of Process

"In New York, a malicious abuse of process claim lies against a defendant who (1) employs regularly issued legal process to compel performance or forbearance of some act (2) with intent to do harm without excuse or justification, and (3) in order to obtain a collateral objective that is outside the legitimate ends of the process." Cook v. Sheldon, 41 F.3d 73, 80 (2d Cir. 1994). Although Rhodes alleges various ulterior motives for his prosecution, he has not presented any evidence of a collateral objective that drove defendants to pervert "the regularly issued process . . . to the accomplishment of an improper purpose." Dean v. Kochendorfer, 237 N.Y. 384, 390 (1924). Accordingly, his abuse of process claim was properly dismissed.

## IV. Bivens Claims

Rhodes's federal claims for violations of the Fourth Amendment fail because, as noted above, there was probable cause to arrest and prosecute Rhodes. We have considered Rhodes's remaining Bivens claims and find them to be without merit.

**V.     Conclusion**

For the reasons set forth above, we AFFIRM the district court's grant of summary judgment dismissing the complaint.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court