Knox v Rose (2021 NY Slip Op 00161)





Knox v Rose


2021 NY Slip Op 00161


Decided on January 13, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 13, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2018-05773
 (Index No. 712023/16)

[*1]Daniel Knox, respondent,
v
Gary H. Rose, appellant.


Lambert & Shackman, PLLC, New York, NY (Thomas C. Lambert of counsel), for appellant.



DECISION & ORDER
In an action to recover damages for conversion and abuse of process, the defendant appeals from an order of the Supreme Court, Queens County (Pam Jackman Brown, J.), dated January 11, 2018. The order, insofar as appealed from, denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
In October 2016, the plaintiff commenced this action, inter alia, to recover damages for conversion after his vehicle was booted and then towed by the defendant, a New York City Marshal.
Under the circumstances of this case, although the defendant's failure to submit a copy of the pleadings with his motion for summary judgment did not require denial of the motion (see CPLR 3212[b]; Lombardi v Lombardi, 127 AD3d 1038, 1040), the defendant failed to make a prima facie showing of his entitlement to summary judgment (see UB Distribs., LLC v S.K.I. Wholesale Beer Corp., 161 AD3d 1027, 1028; Parr Meadows Racing Assn. v White, 76 AD2d 858, 858).
The defendant's remaining contention is without merit.
Accordingly, we agree with the Supreme Court's determination to deny the defendant's motion, regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
DILLON, J.P., AUSTIN, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court