■ DENNIS VELTE, Appellant, v JAINEW ENTERPRISES, INC., Respondent.—Judgment unanimously modified, on the law and facts, by reinstating the Dram Shop Act cause of action and granting a new trial thereon and otherwise judgment affirmed, with costs to plaintiff. Memorandum: Plaintiff alleged that he was seriously injured when pushed down a flight of stairs by Allen Webb, that Webb was previously served an alcoholic beverage while intoxicated at defendant's restaurant, and that Webb's intoxication was causally related to plaintiff's injuries. Upon the conclusion of plaintiff's proof, the court dismissed two causes of action sounding in negligence. Although this appeal is from each and every part of the judgment, no issue was raised in plaintiff's briefs or argument concerning dismissal of the negligence claims. Therefore, appeal from that portion of the judgment is waived *(Matter of Mazur v Ryan,* 98 AD2d 974, *appeal dismissed* 61 NY2d 832).

The remaining claim was predicated upon a violation of the Dram Shop Act (General Obligations Law § 11-101). The jury returned a special verdict, finding that Webb was not intoxicated "at or shortly after midnight." Since there was evidence from which the jury could have reasonably inferred that Webb was served an alcoholic beverage while intoxicated at 1:20 A.M., the court's special verdict form improperly deprived the jury of an important factual issue and unduly invaded the province of the jury. Timely exception was taken *(see,* CPLR 4111 [b]), and this error requires reversal *(Dolph's Clothiers v City of New York,* 57 AD2d 757).

We have considered the remaining issues raised by plaintiff

and find them to lack merit. (Appeal from judgment of Supreme Court, Monroe County, Mastrella, J.—Dram Shop Act.) Present—Callahan, J. P., Denman, Boomer, Green and Balio, JJ.