THOMAS D. CALLAN, Respondent-Appellant, v STATE OF NEW YORK, Appellant-Respondent. (Claim No. 68612.)—Judgment modified on the law and as modified affirmed without costs, in accordance with the following memorandum: After State Police Officer Cleary observed that three individuals in claimant's car were smoking and passing what appeared to be a stone pipe, other State Police officers joined in a search of the car that was located in the parking lot of claimant's employer. State Police Investigator Lang ordered claimant and the other occupants to leave the car, whereupon they were frisked. Trooper Cleary then searched the car and seized the stone pipe from the dashboard and a bag appearing to contain marihuana from under the front seat. Subsequently, Trooper Cleary filed an information charging claimant with possession of marihuana. Claimant pleaded guilty, conditioned upon test results revealing that the substance was, in fact, marihuana. When the test results could not be produced, the plea was withdrawn and the proceeding was dismissed.

The Court of Claims found that, although there was probable cause for claimant's arrest, such cause vanished by reason of intentional and malicious acts committed by Investigator Lang. We agree with the court's conclusion that the proceeding was continued by Lang knowing that he did not have probable cause.

A malicious prosecution involves the initiation *or continuation* of a criminal proceeding without probable cause *(Broughton v State of New York,* 37 NY2d 451, 457; Prosser and Keeton, Torts § 119, at 872 [5th ed]). The active continuation of a proceeding after learning of its groundless nature may result in liability even though the proceeding was initiated in good faith and with probable cause (1 Harper, James and Gray, Torts § 4.3, at 416 [2d ed]). Whether a proceeding was continued without probable cause is to be determined "in the light of those facts that the accuser knows or reasonably believes to exist at the time when he acts" (Restatement [Second] of Torts § 662, comment f, at 425). Proof that Investigator Lang actively continued the prosecution without any evidence that the bag seized from claimant's car contained marihuana and that he deliberately deceived at least one tribunal with respect to an alleged testing of the material

amply supports the conclusion that he acted without probable cause.

We reject the State's claim that the criminal proceeding was not terminated in favor of the accused. The inability of the police to produce vital evidence clearly affected the merits of the case and since the prosecution was terminated for that reason, it constituted a termination in favor of the accused *(see, Chmielewski v Smith,* 73 AD2d 1053).

We find the award of damages in the sum of $87,500 to be so excessive as to shock the conscience of the court. We do not doubt that claimant suffered some injury by reason of the malicious continuation of the criminal action. However, the predominant cause of claimant's shame, humiliation, reclusive living style, and the injury to his reputation was the initial arrest, not the malicious acts occurring thereafter. We agree with the court's conclusion that an award of damages for loss of earnings would rest on mere speculation as claimant was a probationary employee at the time and thus no damages were warranted for this element. Based upon our review of the record, we find that a reduction of the damage award to $43,750 would provide proper compensation to claimant, and we modify the judgment accordingly.

All concur, except Denman, J. P., and Lawton, J., who dissent and vote to reverse and dismiss the claim in the following memorandum.

Denman, J. P., and Lawton, J. (dissenting). We respectfully dissent. Claimant failed to prove that the criminal action against him was instituted or continued without probable cause *(see, Broughton v State of New York,* 37 NY2d 451, 457). Although the majority concedes that there was probable cause to arrest claimant and to commence a criminal proceeding, it concludes that probable cause was dissipated as a result of the subsequent acts of Investigator Lang. We disagree and conclude that there was probable cause throughout the criminal prosecution and that claimant has no cause of action for malicious prosecution.

We agree with the majority that the continuation of a criminal proceeding without probable cause may constitute malicious prosecution. "[I]t is conceivable that probable cause could be present at the time of arrest, while later, some fact could surface which would eliminate that probable cause" *(Oakley v City of Rochester,* 71 AD2d 15, 18). However, the probable cause which exists at the time of arrest is not subsequently dissipated unless the accuser " 'had knowledge

of some intervening fact exonerating plaintiff' " *(Brown v City of New York,* 60 NY2d 893, 894; *Feinberg v Saks & Co.,* 56 NY2d 206, 210-211). The authorities suggest that probable cause is not vitiated unless it becomes apparent that the charge is factually groundless *(see,* 52 Am Jur 2d, Malicious Prosecution, § 72; 1 Harper, James and Gray, Torts, at 416 [2d ed]).

Here, subsequent events did not dissipate the probable cause which existed at the time of arrest. As the trial court noted, "There is no unequivocal intervening fact exonerating claimant which became known to the defendant." The charge against claimant was dismissed on motion of defense counsel joined by the Distrct Attorney. The dismissal was based on Officer Lang's protracted delay in having the alleged marihuana tested and on the fact that the evidence, which tested positive for marihuana, was returned from the lab bearing the label "Callan & Vink [defendants]". Vink had been arrested at the same time as claimant and a bag containing alleged marihuana had also been seized from his vehicle. The substances seized from claimant and Vink apparently had been commingled, thus destroying their evidentiary value.

Officer Lang's delay in having the marihuana tested and the loss of its value as evidence did not constitute unequivocal facts exonerating claimant, nor deprive the prosecution of a factual foundation. At the time of dismissal of the charge, the prosecution was in possession of the same evidence that it had when the action commenced, specifically, police observations of marihuana smoking in claimant's car, detection of the odor of marihuana, seizure of the pipe and bag and claimant's admission that the bag was his. Since probable cause existed at the outset of the prosecution and since no exculpatory facts were revealed subsequently, it was error for the trial court to conclude that probable cause had dissipated. We believe that the majority and the trial court confused the proof necessary to establish probable cause with the quantum of proof necessary to sustain a conviction. The prosecution undoubtedly concluded that, without proof that the substance seized from claimant was in fact marihuana, the charge could not be sustained and thus joined in the motion to dismiss. That is not the equivalent of a lack of probable cause and, in our view, cannot support an action for malicious prosecution. (Appeals from judgment of Court of Claims, Corbett, J.—false imprisonment.) Present—Denman, J. P., Green, Balio, Lawton and Davis, JJ.