■ DAVID A. FARBER, Appellant, v COUNTY OF HAMILTON, Respondent.—Harvey, J.

Plaintiff was acquitted by a jury of misdemeanor drug charges in defendant, Hamilton County, on October 6, 1987. Desirous of commencing a malicious prosecution action against defendant, plaintiff attempted to serve a motion for leave to file a late notice of claim upon defendant and Supreme Court Justice James N. White on August 23, 1988. The motion papers were subsequently returned to plaintiff because no request for judicial intervention had been filed and the matter had not been assigned to Judge White at that time. Plaintiff obtained the proper forms, requested an index num-

ber and thereafter filed his papers requesting leave to file a late notice of claim on October 18, 1988. This request was granted by Supreme Court and the order to that effect was entered on December 22, 1988. This malicious prosecution action was formally commenced by plaintiff by the service of a summons and complaint on April 18, 1989. Defendant successfully moved to dismiss the complaint as untimely (General Municipal Law § 50-i) and plaintiff now appeals.

The complaint was properly dismissed. Pursuant to General Municipal Law § 50-i (1), tort claims against a county must be commenced "within one year and ninety days after the happening of the event upon which the claim is based". Here, it is conceded that the limitation period commenced on October 6, 1987, the date of plaintiff's acquittal, which would mean that the Statute of Limitations expired on January 4, 1989. However, it is settled law that where a plaintiff commences a proceeding to obtain leave to file a late notice of claim, the Statute of Limitations is tolled from the time such proceeding is commenced until the order granting that relief goes into effect (see, Giblin v Nassau County Med. Center, 61 NY2d 67, 72).

With this rule in mind, plaintiff contends that the proceeding to file a notice of claim commenced on August 23, 1988, when his motion papers were initially mailed. The eventual order granting plaintiff the relief was not entered until December 22, 1988. Accordingly, plaintiff argues that the limitation period was tolled approximately 120 days. Adding these days onto the original January 4, 1989 expiration date, plaintiff concludes that the commencement of the action on April 18, 1989 was well within the limitations period.

We cannot agree with this reasoning. Supreme Court correctly concluded that October 18, 1988 is the only possible date that could be used to toll the limitation period in this case. Since the number of days between October 18, 1988 and December 22, 1988 amounts to some 65 days, any extension by reason of tolling ran out in March 1988 and plaintiff's action was untimely commenced in April 1989. Plaintiff's abortive attempt to move for leave to file a late notice of claim in August 1988 was clearly not sufficient to toll the Statute of Limitations, especially since his request was improperly brought as a motion (see, Matter of Eso v County of Westchester, 141 AD2d 542; Matter of Lannon v Town of Henrietta, 87 AD2d 980) and, therefore, no proceeding was commenced on August 23, 1988 effectively tolling the statute (see, Giblin v Nassau County Med. Center, supra).

Plaintiff's remaining argument that defendant should be equitably estopped from asserting the Statute of Limitations as a defense has been examined and has been found to be without merit.

Order affirmed, without costs. Casey, J. P., Weiss, Levine, Mercure and Harvey, JJ., concur.