■ In the Matter of NORSTAR TRUST COMPANY, as Trustee under a Trust Created by CAROLYN H. LYON, Grantor.—Decree unanimously affirmed without costs for reasons stated at Monroe County Surrogate's Court, Ciaccio, S. (Appeal from decree of Monroe County Surrogate's Court, Ciaccio, S.—judicial accounting.) Present—Callahan, J. P., Denman, Green, Balio and Lowery, JJ.

■ THOMAS D. CALLAN, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 68612.)—Order unanimously affirmed without costs. Memorandum: The Court of Claims did not abuse its discretion in denying claimant's application, made after an appeal from the final judgment, to amend the decision and judgment. The court, after trial, found that there was probable cause for claimant's arrest for possession of marihuana, but that the prosecution was continued thereafter without probable cause, and the court made an award of damages for malicious prosecution. On appeal, this court (Denman, J. P., and Lawton, J., dissenting) agreed that the proceeding was continued without probable cause *(see, Callan v State of New York,* 134 AD2d 882). The dissenters observed that "probable cause which exists at the time of arrest is not subsequently dissipated unless the accuser ' "had knowledge of some intervening fact exonerating plaintiff" ' " *(Callan v State of New York,* 134 AD2d 882, 883-884, quoting from *Brown v City of New York,* 60 NY2d 893, 894) and concluded that no such intervening fact became known in this case. The Court of Appeals reversed for the reasons stated in the dissenting memorandum *(Callan v State of New York,* 73 NY2d 731). Claimant then moved to amend the decision and judgment of the Court of Claims insofar as it found that probable cause existed for his arrest, contending that the dissenters' finding of probable cause at the time of arrest was gratuitous. That contention is without merit. On his cross appeal from the Court of Claims judgment, claimant raised no question concerning the finding of probable cause at the time of arrest, thereby waiving that issue *(see, Velte v Jainew Enters.,* 122 AD2d 544). The comment in the dissenting memorandum amounted to no more than a recitation of an unchallenged finding of the trial court. Claimant has had a full and fair opportunity to litigate the issue of probable cause and, in moving before the Court of Claims, failed to suggest a sound basis for relitigation of the issue. (Appeal from order of Court of Claims, Corbett, J.—amend judgment.) Present—Callahan, J. P., Denman, Green, Balio and Lowery, JJ.