■ DREXEL BURNHAM LAMBERT INCORPORATED, Appellant, v HEINZ RUEBSAMEN, JR., et al., Respondents.—Judgment, Su-

preme Court, New York County (Stephen G. Crane, J.), entered March 8, 1990, which awarded respondent $163,953.68, plus costs and disbursements as damages caused by the prior issuance of a temporary restraining order in petitioner's favor, unanimously affirmed, with costs.

In denying and dismissing the petition for an order of attachment in aid of arbitration pursuant to CPLR 7502 (c), Supreme Court previously ruled respondents could apply for a determination of all damages occasioned by a temporary restraint upon their securities account with another New York broker and that such damages were not to be limited to the amount of the undertaking posted by petitioner. These provisions of the interlocutory judgment were not challenged on petitioner's prior appeal to this Court, which affirmed that decree in its entirety (139 AD2d 323). In this posture, petitioner has waived its present contention that damages cannot exceed the amount of the undertaking *(Velte v Jainew Enters.,* 122 AD2d 544; *Callan v State of New York,* 163 AD2d 858). We note that had petitioner succeeded upon this contention on the prior appeal (or even raised the argument at that time), respondents no doubt would have sought to increase the amount of the undertaking during the many months the restraint continued after petitioner perfected the prior appeal. Respondents did not do so in reliance upon the terms of the interlocutory judgment and petitioner's failure to challenge those terms. In these circumstances, it would be unjust at this time to hold respondents' damages to the amount of the undertaking. We also note respondents' attorneys' fees incurred in connection with vacating the restraint are recoverable as damages pursuant to CPLR 6312 (b) *(Cross Props. v Brook Realty Co.,* 76 AD2d 445; *Hanley v Fox,* 90 AD2d 662). We have examined petitioner's other contentions and find them to be without merit. Concur—Sullivan, J. P., Milonas, Rosenberger, Asch and Smith, JJ.