■ MATTHEW W. KEMP, Respondent, v RICHARD T. LYNCH, Appellant, et al., Defendants. [713 NYS2d 790] —Judgment unanimously affirmed with costs. Memorandum: Richard T. Lynch (defendant) appeals from a judgment entered upon a jury verdict awarding plaintiff compensatory and punitive damages for malicious prosecution. Plaintiff, a New York State Trooper, was arrested for harassment in the second degree after a former girlfriend accused him of striking her and pushing

her to the ground. Defendant, also a New York State Trooper, conducted both a criminal and an internal investigation, leading to plaintiff's arrest. Defendant obtained a compelled statement from plaintiff (*see generally, People v Corrigan,* 80 NY2d 326, 329; *Matter of Matt v Larocca,* 71 NY2d 154, 159-160, *cert denied* 486 US 1007, *reh denied* 487 US 1250 *rearg dismissed* 78 NY2d 909) and other evidence, including a statement from the complainant, and placed all of the evidence in plaintiff's personnel file. Defendant concluded in a written report, based on all the evidence collected by him, that the criminal charge against plaintiff was not substantiated. Although the information in plaintiff's personnel file was largely exculpatory to plaintiff and the file contained statements of witnesses, defendant failed to turn over the file or his report to the District Attorney's office prior to the criminal prosecution of plaintiff.

Defendant contends that he was not required to turn over plaintiff's personnel file to the District Attorney because the District Attorney never requested it. We disagree, and conclude that Supreme Court properly denied defendant's motions to dismiss the complaint on that ground. Statements given by a police officer under threat of dismissal are protected by the privilege against self-incrimination and are automatically immunized from use in criminal proceedings along with evidence derived from those statements (*see, People v Corrigan, supra,* at 329). While those statements and derivative evidence may not be used by the District Attorney against the police officer in a criminal proceeding, the police department must share information contained therein with the District Attorney's office where the information constitutes *Brady* or *Rosario* material. That is especially true where, as here, defendant conducted both a criminal and an internal investigation of plaintiff. Defendant admitted at the trial that the State Police field manual requires the police to reveal all matters concerning a criminal investigation to the District Attorney, including information that could be considered *Brady* or *Rosario* material.

We reject defendant's further contention that plaintiff's personnel file was confidential. Material in a personnel file that is "relevant to the guilt or innocence of the defendant must lose [its] privilege of confidentiality" (*Matter of Rochester Police Dept. v Bergin,* 68 AD2d 340, 344).

Finally, defendant contends that plaintiff did not establish the absence of probable cause for the criminal proceeding (*see generally, Smith-Hunter v Harvey,* 95 NY2d 191; *Broughton v State of New York,* 37 NY2d 451, 457, *cert denied sub nom.*

*Schanbarger v Kellogg,* 423 US 929). The continuation of a criminal proceeding without probable cause may support a cause of action for malicious prosecution (*see, Callan v State of New York,* 134 AD2d 882, 883-884 [dissenting mem], *revd on dissenting mem* 73 NY2d 731, *mot to amend remittitur granted* 74 NY2d 647; *Broughton v State of New York, supra,* at 457). Here, although the police had probable cause to arrest plaintiff based on the complainant's initial statement, that probable cause was subsequently dissipated when defendant learned of exculpatory material during his investigation of plaintiff. In his internal report, defendant concluded that the charge of harassment in the second degree against plaintiff was not substantiated, but he did not share that information with the District Attorney. Plaintiff thus established that the criminal proceeding against him was continued in the absence of probable cause. We have examined defendant's remaining contention and conclude that it lacks merit. (Appeal from Judgment of Supreme Court, Oneida County, Grow, J.—Malicious Prosecution.) Present—Green, J. P., Pine, Hayes, Hurlbutt and Kehoe, JJ.