**Michael COLEMAN, Plaintiff–Appellant,**

v.

**CITY OF NEW YORK, New York City Department Of Investigation, Thomas Aristy, Special Investigator, Brad Howard, Assistant Inspector General and Kyle Sturcken, Inspector General, Defendants–Appellees.**

**Docket No. 01–767.**

United States Court of Appeals, Second Circuit.

Oct. 23, 2002.

Henry Saurborn, Kaiser Saurborn & Mair, New York, NY, for Appellant.

Fay Ing, Corporation Counsel of the City of New York, New York, NY, for Appellee.

Present OAKES, STRAUB, Circuit Judges, and PRESKA, District Judge.*

### SUMMARY ORDER

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby **AFFIRMED**.

Plaintiff Michael Coleman appeals from the District Court's May 3, 2001 Memorandum and Order granting Defendants' motion for summary judgment in this action alleging constitutional violations based on false arrest, malicious prosecution, abuse of process and other state law claims. The facts giving rise to this action are thoroughly discussed in the District Court's opinion, *Coleman v. City of New York*, 177 F.Supp.2d 151 (S.D.N.Y.2001), familiarity with which is assumed. To summarize, from 1995 until 1998, Coleman was a desk

---

* The Honorable Loretta A. Preska of the United States District Court for the Southern District of New York, sitting by designation.

clerk at the death registration unit of the vital statistics bureau at the New York City Department of Health. Defendants Thomas Aristy, Brad Howard and Kyle Sturcken were employed at the City of New York Department of Investigation, a city agency authorized to investigate corruption within other city agencies such as the Department of Health. The defendants arrested Coleman on April 14, 1998 for receiving an unlawful gratuity while processing a death certificate on September 19, 1997. He was prosecuted for violating New York Penal Law § 200.35 but the charges were ultimately dismissed in Coleman's favor.

On May 25, 1999, Coleman filed this action pursuant to 42 U.S.C. § 1983, asserting that his constitutional rights were violated by (1) a detention and interrogation by the defendants on February 5, 1998; (2) his arrest on April 14, 1998; (3) the subsequent prosecution and (4) the abuse of process against him. The defendants moved for summary judgment, *inter alia*, on the grounds that Coleman did not present sufficient evidence to support his claims of false arrest, malicious prosecution or abuse of process. On May 3, 2001, the district court granted the defendants' motion for summary judgment on the grounds that (1) the defendants had probable cause to arrest Coleman, (2) the defendants had probable cause to prosecute Coleman, and (3) there was no illegitimate collateral objective for Coleman's prosecution to support an abuse of process claim. The court declined to exercise supplemental jurisdiction over the pendent state law claims. For the reasons that follow, we affirm.

To state a claim for false arrest, the plaintiff must show that "(1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to

the confinement and (4) the confinement was not otherwise privileged." *Broughton v. State,* 37 N.Y.2d 451, 373 N.Y.S.2d 87, 335 N.E.2d 310, 314 (1975), *cert. denied,* 423 U.S. 929, 96 S.Ct. 277, 46 L.Ed.2d 257 (1975). A finding of probable cause is a complete defense to a false arrest claim. *See Posr v. Court Officer Shield No. 207,* 180 F.3d 409, 414 (2d Cir.1999). Probable cause exists when, in light of all the circumstances, the arresting officer "has sufficient knowledge or reasonably trustworthy information to justify a person of reasonable caution in believing that an offense has been or is being committed by [the] person to be arrested." *United States v. Patrick,* 899 F.2d 169, 171 (2d Cir.1990). Once there is a reasonable basis for believing probable cause exists, "[a] police officer is not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest." *Ricciuti v. N.Y.C. Transit Authority,* 124 F.3d 123, 128 (2d Cir.1997).

■ Here, the defendants had probable cause for Coleman's arrest. After the September 19, 1997 incident, the defendants had trustworthy information that Coleman accepted an unlawful gratuity because an undercover investigator saw the transaction take place, and observed a nameplate that identified the clerk as "M. Coleman." The defendants knew that Coleman was working on September 19, 1997 and that Coleman's appearance was consistent with the description of the clerk involved with the transaction. Thus, it was reasonable for the defendants to believe the clerk was Coleman. *See United States v. Valez,* 796 F.2d 24, 26 (2d Cir. 1986). Although the investigator estimated that the clerk was four inches shorter than Coleman's actual height, such a discrepancy between the description of a suspect and the appearance of the accused

does not negate probable cause. *See, e.g., Gonzalez v. City of New York,* 2002 WL 252564 (S.D.N.Y.2002); *Morales v. City of New York,* 2001 WL 8594 (S.D.N.Y.2001).

Coleman alleges that the defendants could have done more to confirm the clerk's identity during the seven months between September 19, 1997 and Coleman's arrest on April 14, 1998. This may be true. However, the standard for probable cause is not as demanding as the standard for criminal conviction. *See Rosario,* 543 F.2d at 10 (Meskill, J., *dissenting*) ("Sufficient probability, not certainty, is the touchstone of reasonableness."). It was sufficiently probable that Coleman was the clerk seen on September 19, 1997, and therefore, the defendants had no obligation to actively eliminate other possible suspects. Thus, Defendants had probable cause to seize Coleman on February 5, 1998 and arrest Coleman on April 14, 1998 for receiving an unlawful gratuity on September 19, 1997.

■ To state a claim for malicious prosecution, the plaintiff must show: "(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions." *Murphy v. Lynn,* 118 F.3d 938, 947 (2d Cir. 1997). Although the District Court found that probable cause existed at the initiation of the criminal proceeding against Coleman, probable cause can cease to exist if some fact later surfaces to exonerate the accused. *See Lowth v. Town of Cheektowaga,* 82 F.3d 563, 571 (2d Cir.1996). "In order for probable cause to dissipate, the groundless nature of the charges must be made apparent by the discovery of some intervening fact," which may include proof that the police falsified, misrepresented or suppressed evidence during a criminal pro-

ceeding. *Id; see also Jocks v. Tavernier,* 97 F.Supp.2d 303, 316 (E.D.N.Y.2000). The continuation of a criminal proceeding without probable cause amounts to malicious prosecution. *See Callan v. State,* 134 A.D.2d 882, 521 N.Y.S.2d 923, 924 (N.Y.App.Div.1987). The only fact that could have possibly exonerated Coleman— that the investigator who witnessed the September 19, 1997 incident could no longer identify Coleman as the clerk he saw— surfaced after responsibility for Coleman's prosecution shifted from the defendants to the prosecutor. Coleman has not presented any evidence to show that the defendants subsequently misled or pressed the prosecutor in continuing Coleman's prosecution. *Cf. Kinzer v. Harris,* 146 F.Supp.2d 194, 201 (N.D.N.Y.2001). Thus, Coleman has not sufficiently shown that he was prosecuted without probable cause.

Finally, to state a claim for abuse of process, the plaintiff must show:

> (1) regularly issued process compelling the performance or forbearance of some prescribed act, (2) the person activating the process must have been motivated to do harm without economic or social excuse or justification, and (3) the person activating the process must be seeking some collateral advantage or corresponding detriment to the plaintiff which is outside the legitimate ends of process.

*Bernard v. United States,* 25 F.3d 98, 104 (2d Cir.1994).

■ Coleman cannot meet the third of these elements. In *Dean v. Kochendorfer,* 237 N.Y. 384, 143 N.E. 229 (1924), the New York Court of Appeals distinguished between improper motive and improper purpose before concluding that the necessary component of an abuse of process claim is an improper purpose. The cases that follow *Dean* consistently agree that "a malicious motive alone ... does not give rise to a cause of action." *Curiano v. Suozzi,* 63

N.Y.2d 113, 480 N.Y.S.2d 466, 469 N.E.2d 1324, 1326 (1984); *see also Chamberlain v. Lishansky,* 970 F.Supp. 118, 121–22 (N.D.N.Y.1997); *Hauser v. Bartow,* 273 N.Y. 370, 7 N.E.2d 268, 270 (1937) (finding no abuse of process because "whatever may have been respondent's motives, she used the process of the court for the purpose for which the law created it."). Coleman, therefore, cannot state an abuse of process claim based upon the fact that the defendants were driven by an alleged retaliatory motive to actually prosecute following his refusal to cooperate. *See United States v. Ross,* 719 F.2d 615, 620 (2d Cir.1983) ("Where there is probable cause for believing a defendant has committed a crime, his prosecution is not constitutionally barred because the prosecutor's selection of his, out of many other possible crimes to pursue, was precipitated by defendant's failure to cooperate with law enforcement officials.").

Although in *Cook v. Sheldon,* 41 F.3d 73 (2d Cir.1994), this court held that retribution constitutes an improper purpose and thus is sufficient to state an abuse of process claim, *Cook* is distinguishable from the case at hand. In *Cook,* there was no probable cause to arrest the plaintiff, and of more significance, *Cook* took no issue with *Ross.*

The defendants in the case at hand had probable cause to arrest Coleman, and there is no evidence otherwise to suggest that the defendants were attempting to attain an objective outside the legitimate ends of process. Thus, we conclude that Coleman's abuse of process claim cannot be sustained.

After considering all of Plaintiff's contentions on appeal, we hereby **AFFIRM** the judgment of the District Court.