■ DANIEL B. MEYER, Appellant, v ONONDAGA COUNTY et al., Respondents. [817 NYS2d 464]—

Appeal from an order of the Supreme Court, Onondaga County (Norman W. Seiter, Jr., J.), entered January 3, 2005. The order granted defendants' motion to dismiss the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for libel, slander, defamation and personal injuries based on defendants' alleged negligence in issuing an arrest warrant charging plaintiff with acts of sexual abuse. Although the warrant was issued on October 28, 1998, plaintiff did not learn of its existence until May 30, 2003. Plaintiff then retained an attorney, who notified defendant Sheriff's Department that plaintiff was erroneously named in the warrant, and the warrant was immediately "recalled." Supreme Court properly granted defendants' motion to dismiss the complaint as time-barred. Contrary to plaintiff's contention, the issuance of the warrant did not constitute "a continuing act . . . [that] oc-

curred anew each day the condition continued," thereby tolling the statute of limitations until the arrest warrant was recalled (*Kiernan v Thompson,* 134 AD2d 27, 30 [1987], *affd* 73 NY2d 840 [1988]). Rather, we conclude that the single publication rule applies, and thus the statute of limitations began to run from the date of the utterance and/or first publication (*see generally Firth v State of New York,* 98 NY2d 365, 369-370 [2002]), not from the date of plaintiff's discovery thereof (*see generally Karam v First Am. Bank of N.Y.,* 190 AD2d 1017, 1018 [1993]).

All concur, Hayes, J., not participating. Present—Kehoe, J.P., Gorski, Martoche, Green and Hayes, JJ.