■ DENNIS PUTNAM et al., Respondents, v COUNTY OF STEUBEN, Appellant. (Appeal No. 1.) [876 NYS2d 819]—

Appeal from a judgment of the Supreme Court, Steuben County (Matthew A. Rosenbaum, J.), entered December 31, 2007 in an action for malicious prosecution. The judgment, entered upon a jury verdict, awarded plaintiffs money damages, costs and attorney's fees against defendant.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: In appeal No. 1, defendant appeals from a judgment entered upon a jury verdict in favor of plaintiffs on their cause of action for malicious prosecution. In appeal No. 2, defendant appeals and plaintiffs cross-appeal from an order granting that part of defendant's postjudgment motion seeking to set aside the award of damages and granting a new trial on damages. We agree with plaintiffs that Supreme Court should have denied defendant's postjudgment motion in its entirety, and we therefore modify the order accordingly.

With respect to defendant's appeal, we conclude that the court properly denied that part of defendant's postjudgment motion to set aside the verdict on liability. The elements of a cause of action for malicious prosecution are "(1) the commencement or continuation of a criminal proceeding by the defendant against the plaintiff, (2) the termination of the proceeding in favor of the accused, (3) the absence of probable cause for the criminal proceeding and (4) actual malice" (*Broughton v State of New York*, 37 NY2d 451, 457 [1975], *cert denied sub nom. Schanbarger v Kellogg*, 423 US 929 [1975]; *see Oakley v City of Rochester*, 71 AD2d 15, 18 [1979], *affd* 51 NY2d 908 [1980]). "The continuation of a criminal proceeding without probable cause may support a cause of action for malicious prosecution" (*Kemp v Lynch*, 275 AD2d 1024, 1026 [2000]). In establishing the element of actual malice, "a plaintiff need not demonstrate the defendant's intent to do him or her personal harm, but need only show a reckless or grossly negligent disregard for his or

her rights" (*Ramos v City of New York*, 285 AD2d 284, 300 [2001]). Actual malice may be inferred from the facts and circumstances of the case, i.e., "something other than a desire [on the part of the defendant] to see the ends of justice served" (*Nardelli v Stamberg*, 44 NY2d 500, 503 [1978]; *see Ramos*, 285 AD2d at 300).

According to the evidence presented at trial, Dennis Putnam (plaintiff) was arrested and charged with falsifying business records in the first degree (Penal Law § 175.10). At the criminal trial that preceded the instant civil trial, he was tried on a reduced charge of offering a false instrument for filing in the second degree (§ 175.30) and was acquitted. Disputed issues at the instant civil trial were whether defendant initiated the criminal prosecution and whether there was malice on its part. There was evidence before the jury, however, that two of defendant's employees asked the Sheriff and the Assistant District Attorney to conduct a criminal investigation into allegedly fraudulent lunch receipts submitted by plaintiff rather than to approach plaintiff's supervisor, as was the usual practice. There was also evidence that those two employees were unaware of the policy and practice of workers in the Department of Social Services concerning the submission of receipts for reimbursement and that, had they approached plaintiff's supervisor, she would have informed them that plaintiff's handwritten receipts were proper and routinely accepted. The jury could thus rationally find that defendant's employees showed a reckless disregard for plaintiff's rights both by initiating the criminal prosecution and by allowing it to continue when they either knew or should have known that there was no probable cause for that prosecution. Defendant thus failed to establish that "the preponderance of the evidence in favor of [it] is so great that the verdict could not have been reached upon any fair interpretation of the evidence" (*Dannick v County of Onondaga*, 191 AD2d 963, 964 [1993]).

With respect to plaintiffs' cross appeal, we agree with plaintiffs that the court erred in granting that part of defendant's postjudgment motion with respect to the award of damages. "Generally, a plaintiff in a malicious prosecution action may recover damages for the direct, natural and proximate results of the criminal prosecution, including those for suffering arrest and imprisonment, injury to reputation and character, injury to health, well-being and feelings, and counsel fees and expenses in defending the criminal prosecution" (*Burlett v County of Saratoga*, 111 AD2d 426, 427 [1985]; *see Loeb v Teitelbaum*, 77 AD2d 92, 105 [1980], *order amended* 80 AD2d 838 [1981]; PJI 3:50). Here, the court granted that part of defen-

dant's postjudgment motion to set aside the award of damages based on its determination that the award may have been attributable to the tort of false arrest. Damages for malicious prosecution are recoverable for injuries caused by an arrest and imprisonment (*see Halberstadt v New York Life Ins. Co.*, 194 NY 1, 7 [1909]; *Sheldon v Carpenter*, 4 NY 579, 580 [1851]) and, where there are causes of action for both false arrest and malicious prosecution, the court must instruct the jury not to make a duplicate award of damages (*see Papa v City of New York*, 194 AD2d 527, 530-531 [1993], *lv dismissed* 82 NY2d 918 [1994]; 2 NY PJI2d 3:50, at 476 [2009]; *see generally Broughton*, 37 NY2d at 459). That was not a concern here, however, inasmuch as there was no cause of action for false arrest. We have considered defendant's remaining contentions concerning the award of damages and conclude that they are without merit. Present— Smith, J.P., Centra, Fahey and Pine, JJ.