■ Brent Jackson, Appellant, v Harry C. Buffardi, Schenectady County Sheriff, et al., Respondents. [887 NYS2d 733]—

Rose, J. Appeal from an order of the Supreme Court (Kramer, J.), entered August 7, 2008 in Schenectady County, which, among other things, granted defendants' motions for summary judgment dismissing the complaint.

Plaintiff was arrested on federal drug charges in January 2001 and confined as a federal detainee in the Schenectady County Jail. While confined there, plaintiff also was prosecuted in Albany County on a state drug charge. He pleaded guilty to the state charge and was sentenced on March 14, 2003. A few days later, the federal charges were dismissed. Plaintiff was then released from the Schenectady County Jail, transferred to Albany County due to his conviction there and confined in the Albany County Jail until his transfer to state prison on April 1, 2003. While in state prison, plaintiff commenced a CPLR article

78 proceeding and obtained a judgment compelling defendant Schenectady County Sheriff to credit him with 794 days against his sentence for the time he had spent in the Schenectady County Jail. As a result of the credited jail time, plaintiff was released from state prison on October 8, 2004. Nearly one year later, on October 3, 2005, plaintiff brought this action for damages alleging that defendants' failure to certify the jail time sooner pursuant to Penal Law § 70.30 (3) caused him to be illegally confined in state prison for more than nine months beyond the date he should have been released. Defendants moved for summary judgment dismissing the complaint, and Supreme Court granted the motions, prompting this appeal.

There is no need to explore the merits of plaintiff's claim beyond the threshold question of whether the action is timely. Plaintiff contends that his action asserts a claim of false imprisonment and was timely commenced because the one-year limitations period applicable to his claim did not begin to run until he was released from state prison (*see* CPLR 215 [1]; *Bumbury v City of New York*, 62 AD3d 621, 621-622 [2009]). Plaintiff's complaint, however, does not include any allegation that the Schenectady County Sheriff and defendant Albany County Sheriff lacked authority to confine him during the times he was in their custody, an element necessary to a false imprisonment cause of action (*see Holmberg v County of Albany*, 291 AD2d 610, 612 [2002], *lv denied* 98 NY2d 604 [2002]). Rather, plaintiff alleges only that the state illegally confined him due to defendants' failure to report the time he spent in the Schenectady County Jail as required by Correction Law § 600-a and Penal Law § 70.30 (3). In other words, the complaint asserts that defendants' failure to perform a statutory duty caused him to be confined by the state for an additional nine months.

Viewed in this way, it is clear that plaintiff's cause of action did not accrue upon his release from prison, but upon defendants' acts or omissions (*see* CPLR 215 [1]; *Meyer v Onondaga County*, 30 AD3d 1002, 1002-1003 [2006]; *Nichols v County of Rensselaer*, 129 AD2d 167, 170 [1987]; *Kingston v Braun*, 122 AD2d 543 [1986]). Defendants were statutorily required to certify plaintiff's jail time on or about April 1, 2003, when he was sent to state prison. Thus, plaintiff's claim accrued on that date. Even if the claim did not arise until he suffered some injury, it would have accrued when he was imprisoned beyond his proper release date, which he alleges was approximately nine months prior to his release from prison. Regardless of which of these accrual dates is used, plaintiff's claim is barred by the one-year statute of limitations because he did not com-

mence this action until October 3, 2005. Similarly, any claim against defendants Albany County and Schenectady County based on their sheriffs' omissions would also be time-barred by the one-year-and-90-day limitations period provided in General Municipal Law § 50-i (1). Accordingly, Supreme Court did not err in dismissing plaintiff's complaint.

Peters, J.P., Spain, Kane and Stein, JJ., concur. Ordered that the order is affirmed, without costs.