██ Ian Brownell, Respondent, v Roger LeClaire, as Sheriff of Washington County, et al., Appellants. [948 NYS2d 168]—

Kavanagh, J. Appeal from an order of the Supreme Court (Krogmann, J.), entered March 29, 2011 in Washington County, which denied defendants' motions for summary judgment dismissing the complaint.

In September 2001, the residence of plaintiff's employer, which was located in the Town of Jackson, Washington County, was burglarized and more than $20,000 was stolen. During the investigation that followed, fingerprints bearing a marked similarity to plaintiff's were recovered at the crime scene. Later, upon being questioned by police, plaintiff allegedly gave a statement admitting that he had entered the premises with another individual without permission and, while inside, damaged some personal property. Plaintiff was arrested and subsequently charged by indictment with burglary in the second degree and criminal mischief in the fourth degree.[1] Defendant Kelly S. McKeighan represented plaintiff on the criminal charges and ultimately negotiated a plea agreement where, in return for a guilty plea to attempted burglary in the second degree, plaintiff would be adjudicated a youthful offender and sentenced to time served, plus five years of probation, and would be required to make restitution.[2] Prior to plaintiff being sentenced in March 2002, McKeighan informed him that he had accepted a position at the District Attorney's office of Washington County and could no longer represent plaintiff. As a result, new counsel represented plaintiff at sentencing, and plaintiff was sentenced in accord with the plea agreement.

In December 2006, plaintiff's conviction was vacated after another individual—Kenneth Happ—told police that he had committed the burglary and stole a large sum of currency from the

---

1. The indictment charged that plaintiff "knowingly enter[ed] or remaine[ed] unlawfully in the dwelling of [the victims] with the intent to commit a crime therein" and that he had "intentionally damage[d] a file cabinet belonging to [the victims]." It did not specifically allege that he had committed a larceny while on the premises.

2. During the plea allocution, plaintiff did not admit to stealing any property while inside the victims' residence. Rather, he admitted to having gone into their home without permission and, while inside, damaged a file cabinet.

victims' residence. The day that plaintiff's conviction was vacated, he filed a notice of claim against defendant Sheriff's Department of Washington County and defendant Washington County. Thereafter, in June 2007, plaintiff commenced this action against the Sheriff's Department, the County and defendant Sheriff of Washington County (hereinafter collectively referred to as the County defendants) claiming negligence, false arrest, false imprisonment and malicious prosecution. Plaintiff also brought a claim against McKeighan, alleging that he had negligently represented plaintiff in connection with the criminal action. The County defendants and McKeighan each separately moved for summary judgment dismissing the complaint. Supreme Court denied both motions, prompting this appeal.

The claims against the County defendants should have been dismissed. Personal injury claims against a municipal defendant must be commenced within a year and 90 days from when they accrued (*see* General Municipal Law § 50-i [1]), and a notice of claim must be filed within 90 days of that date (*see* General Municipal Law § 50-e). Plaintiff's claims of false arrest and unlawful imprisonment accrued on the date he was released from prison in 2002 (*see Hendrickson-Brown v City of White Plains*, 92 AD3d 638, 639 [2012]; *Matter of Blanco v City of New York*, 78 AD3d 1048, 1048 [2010]; *Jackson v Buffardi*, 66 AD3d 1297, 1298 [2009], *lv denied* 14 NY3d 710 [2010]). Given that plaintiff did not file a notice of claim until December 2006, and did not commence his action against the County defendants until June 2007, long after the relevant statutory time limits had expired, his claims for false arrest and unlawful imprisonment must be dismissed.[3]

However, plaintiff's claim for malicious prosecution did not accrue until the judgment of conviction was vacated in December 2006 (*see Bumbury v City of New York*, 62 AD3d 621, 621 [2009]; *Nunez v City of New York*, 307 AD2d 218, 220 [2003]; *Farber v County of Hamilton*, 158 AD2d 902, 903 [1990]) and, as a result, the notice of claim was timely filed and the underlying action was commenced within the statutory time limits. As for the merits of plaintiff's claim based on malicious prosecution, to prevail, he must establish " 'that a criminal proceeding was commenced; that it was terminated in favor of the accused; that it lacked probable cause; and that the proceeding was brought out of actual malice' " (*Guntlow v Barbera*, 76 AD3d 760, 765 [2010], *lv dismissed* 15 NY3d 906 [2010], quoting *Cantalino v*

---

3. His claims are untimely even after they are tolled until he was no longer an infant and turned 18 (*see* CPLR 208; *Campbell v City of New York*, 4 NY3d 200, 203-204 [2005]).

*Danner*, 96 NY2d 391, 394 [2001]; *see Barrett v Watkins*, 82 AD3d 1569, 1570-1571 [2011]). Here, plaintiff was arrested because he is alleged to have provided police with oral and written statements admitting that he had entered the victims' residence without permission and, while inside, had damaged some of their personal property. These alleged admissions were corroborated by fingerprints that the police recovered at the crime scene which appear to be plaintiff's. This evidence established as a matter of law that probable cause existed for plaintiff's arrest and the decision to prosecute him for this burglary was rationally based (*see Lawson v City of New York*, 83 AD3d 609, 609 [2011]). Moreover, there is no evidence in the record indicating that the County defendants were reckless or grossly negligent in the conduct of this investigation or in the contact they had with plaintiff during this inquiry. In sum, plaintiff's claim that the County defendants acted with actual malice when they decided to prosecute him is completely without merit and totally unsupported in the record (*see Harris v State of New York*, 302 AD2d 716, 717 [2003]; *Hernandez v State of New York*, 228 AD2d 902, 904 [1996]).

As for his claim against McKeighan, plaintiff argues that McKeighan was negligent when he represented him and advised him to plead guilty to a crime he did not commit. In that regard, plaintiff sought damages for personal and psychological injuries, as well as other nonpecuniary losses he claims to have incurred as a result of his incarceration and wrongful conviction. A defendant in a criminal prosecution cannot recover for nonpecuniary damages that occur as a result of legal malpractice and, therefore, these claims made by plaintiff against McKeighan must be dismissed (*see Dombrowski v Bulson*, 19 NY3d 347 [2012]). However, McKeighan's motion papers fail to address plaintiff's claim that he sustained economic damages as a result of McKeighan's alleged legal malpractice. As a result, while we have serious reservations about the validity of these claims, we are, at this stage of the proceedings, constrained to find that a question of fact exists as to whether plaintiff incurred such economic damages as a result of McKeighan's alleged legal malpractice.

Lahtinen, J.P., Spain, Malone Jr. and McCarthy, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as (1) denied the motion of defendants Sheriff's Department of Washington County, Washington County and Sheriff of Washington County and (2) denied defendant Kelly S. McKeighan's motion for summary judgment with respect to plaintiff's claim for nonpecuniary damages; Mc-

Keighan's motion partially granted to said extent and motion of said Washington County defendants granted and complaint dismissed against them; and, as so modified, affirmed.