Hone v City of Oneonta (2018 NY Slip Op 00055)





Hone v City of Oneonta


2018 NY Slip Op 00055


Decided on January 4, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 4, 2018

524665

[*1]JAMES A. HONE, Respondent,
v
CITY OF ONEONTA et al., Appellants.

Calendar Date: November 13, 2017

Before: Garry, P.J., Clark, Mulvey, Aarons and Rumsey, JJ.


Lemire, Johnson & Higgins, LLC, Malta (Bradley J. Stevens of counsel), for appellants.
Gozigian, Washburn & Clinton, Cooperstown (E.W. Garo Gozigian of counsel), for respondent.


Rumsey, J.

MEMORANDUM AND ORDER
Appeal from an order of the Supreme Court (Coccoma, J.), entered May 20, 2016 in Otsego County, which, among other things, partially denied defendants' motion to dismiss the amended complaint.
On or about February 3, 2014, plaintiff sent a letter regarding a criminal matter to Oneonta City Court that dispersed a powdery substance when it was opened by court personnel. Testing conducted to determine whether the substance was hazardous determined that it was nontoxic. Plaintiff was arrested a few weeks later and taken into custody. He was charged with aggravated harassment in the second degree and, after arraignment, was incarcerated in the Otsego County Jail for several days before being released on February 21, 2014. On June
25, 2014, City Court dismissed the charge against plaintiff. On September 11, 2014, plaintiff, acting pro se, served an unsworn, handwritten document entitled "Notice of Claim" on defendant City of Oneonta by certified mail. Ten days later, counsel for the City sent plaintiff a letter acknowledging that the City had received plaintiff's document and stating that the document was legally insufficient to constitute a notice of claim. Plaintiff obtained counsel, who commenced this action for false arrest and imprisonment, damage to personal property, defamation and malicious prosecution. Plaintiff's counsel also served an amended notice of claim, without obtaining consent from defendants or seeking leave of court, and subsequently filed an amended complaint. Defendants moved to dismiss the amended complaint and plaintiff cross-moved for an order disregarding his failure to have his signature sworn to on the pro se document that he characterized as his notice of claim. Supreme Court partially granted defendants' motion by dismissing plaintiff's second cause of action for damage to personal property, on the basis that the notice of claim was untimely with respect to that claim, and granted plaintiff's cross motion [*2]by ordering that "any mistakes, omissions, irregularities or defects in [p]laintiff's pro se [n]otice of [c]laim" be disregarded (emphasis omitted). Defendants now appeal.[FN1]
Defendants argue that plaintiff's notice of claim was insufficient in three respects, specifically, that (1) it was unsworn, (2) it was untimely with respect to plaintiff's claims for false arrest, false imprisonment and defamation, and (3) it was insufficient to provide notice that plaintiff intended to assert a claim for malicious prosecution. Where there is no showing of prejudice to a municipality, the fact that a notice of claim was not verified by a claimant may be disregarded (see General Municipal Law § 50-e [6]; Matter of Figgs v County of Suffolk, 54 AD3d 671, 672 [2008]; Butler v Town of Smithtown, 293 AD2d 696, 698 [2002]; Smith v Scott, 294 AD2d 11, 20 [2002]). Defendants have not demonstrated that the lack of verification prejudiced them in any manner; indeed, their counsel conceded at oral argument that the lack of verification could be disregarded in this case. Thus, Supreme Court properly granted plaintiff's cross motion seeking an order disregarding plaintiff's failure to have his signature sworn on the notice of claim.
Prior to commencing a tort action against a municipality, a party must serve a notice of claim within 90 days "after the claim arises" (General Municipal Law § 50-e [1] [a]; see New York State Elec. & Gas Corp. v County of Chemung, 137 AD3d 1550, 1552 [2016], lv dismissed 28 NY3d 1044 [2016]). A cause of action for false arrest and imprisonment accrues when a party is released from confinement (see Brownell v LeClaire, 96 AD3d 1336, 1337 [2012]). Thus, plaintiff's claim for false arrest and imprisonment accrued when he was released from the Otsego County Jail on February 21, 2014, and his notice of claim was untimely with respect to that claim because it was not served until September 11, 2014 — nearly six months later. The notice of claim is likewise untimely with respect to plaintiff's defamation claim. A cause of action for defamation accrues when the allegedly defamatory statements are made (see Arvanitakis v Lester, 145 AD3d 650, 651 [2016]; Milner v New York State Higher Educ. Servs. Corp., 24 AD3d 977, 978 [2005]). The only dates provided in the notice of claim on which it can be inferred that any allegedly defamatory statements were made are February 13, 15 and 18, 2014. Thus, the notice of claim served on September 11, 2014 — nearly six months later — is untimely with respect to plaintiff's defamation claim.
A claim for malicious prosecution accrues upon favorable termination of the underlying criminal action (see Brownell v LeClaire, 96 AD3d at 1337). Thus, as defendants concede, the notice of claim is timely with respect to plaintiff's malicious prosecution claim because it was served within 90 days after the harassment charge was dismissed on June 25, 2015. However, defendants assert that the notice of claim was insufficient to apprise them that plaintiff intended to assert a claim for malicious prosecution. "The test of the sufficiency of a [n]otice of [c]laim is merely whether it includes information sufficient to enable the [municipality] to investigate. Nothing more may be required" (Brown v City of New York, 95 NY2d 389, 393 [2000] [internal quotation marks and citations omitted]; see Baker v Town of Niskayuna, 69 AD3d 1016, 1017 [2010]).
Plaintiff's notice of claim does not specifically refer to the fact that he was charged with harassment in the second degree or to the dismissal of those charges. Nonetheless, plaintiff's assertions that he was falsely arrested without legitimate cause, that no crime took place and that City employees acted maliciously provided sufficient notice to defendants that plaintiff [*3]potentially had a claim for malicious prosecution. Although they protect different personal interests and are composed of different elements, claims for "false arrest and malicious prosecution are kindred actions insofar as they often aim to provide recompense for illegal law enforcement activities" (De Lourdes Torres v Jones, 26 NY3d 742, 760 [2016] [internal quotation marks and citation omitted]). Causes of action for false arrest and malicious prosecution are related closely enough that, in a trial of both, the court must instruct the jury not to make a duplicate award of damages (see Putnam v County of Steuben, 61 AD3d 1369, 1372 [2009], lv denied 13 NY3d 705 [2009]). Moreover, actual malice is an element of a cause of action for malicious prosecution, but not of a cause of action for false arrest (see De Lourdes Torres v Jones, at 759-760). Thus, receipt of a notice of claim alleging that its agents acted maliciously in executing a false arrest when no crime had occurred provided the City with the opportunity to investigate all circumstances related to plaintiff's arrest, including whether he had been arrested pursuant to a warrant — which would have insulated defendants from liability for false arrest (see id. at 759) — and whether plaintiff's arrest had resulted in him being charged with, or prosecuted for, a crime. Accordingly, Supreme Court properly determined that plaintiff's notice of claim contained sufficient information to alert defendants of plaintiff's claim for malicious prosecution.
Garry, P.J., Clark, Mulvey and Aarons, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as denied defendants' motion to dismiss the false arrest and imprisonment and defamation causes of action; motion granted to that extent and said causes of action dismissed; and, as so modified, affirmed.



Footnotes

Footnote 1: Plaintiff has not appealed from the dismissal of the second cause of action.