Kulon v Liberty Fire Dist. (2018 NY Slip Op 04062)





Kulon v Liberty Fire Dist.


2018 NY Slip Op 04062


Decided on June 7, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 7, 2018

525614

[*1]FRANCISZEK C. KULON, Appellant,
v
LIBERTY FIRE DISTRICT et al., Respondents.

Calendar Date: May 2, 2018

Before: Egan Jr., J.P., Lynch, Clark, Mulvey and Rumsey, JJ.


Sussman and Associates, Goshen (Jonathan R. Goldman of counsel), for appellant.
Kornfeld, Rew, Newman & Simeone, Suffern (Frank T. Simeone of counsel), for respondents.


Egan Jr., J.P.

MEMORANDUM AND ORDER
Appeals from an order and a judgment of the Supreme Court (Gilpatric, J.), entered January 25, 2017 and April 13, 2017 in Sullivan County, which granted defendants' motion to dismiss the complaint.
On February 18, 2014, a fire damaged plaintiff's residence located in the Town of Liberty, Sullivan County. On November 14, 2014, plaintiff, contending that defendants' four volunteer fire departments had negligently responded to the fire, commenced a special proceeding in Supreme Court seeking leave to serve a late notice of claim (see General Municipal Law § 50-e [5]). On May 27, 2015, Supreme Court granted the application, plaintiff served a notice of claim on defendants on June 19, 2015, and, on October 20, 2015, commenced this action against defendants. Defendants
thereafter moved to dismiss the complaint contending, among other things, that the action was barred by the one year and 90-day statute of limitations (see General Municipal Law § 50-i). Plaintiff opposed the motion, arguing that his time to commence the action was necessarily extended as Supreme Court did not render a decision on his application to serve a late notice of claim until after the requisite statute of limitations had already expired. Supreme Court granted defendants' motion to dismiss. Plaintiff now appeals.
Pursuant to General Municipal Law, a plaintiff must first serve a notice of claim against a municipality within 90 days after the claim arises (see General Municipal Law § 50-e) and commence any subsequent tort action against the municipality within one year and 90 days after the claim arises (see General Municipal Law § 50-i). Because plaintiff's claims against [*2]defendants, if any, arise from the fire that occurred on February 18, 2014, he was therefore required to file and serve a notice of claim by May 19, 2014 and commence any subsequent tort action by May 19, 2015. Having failed to file and serve his notice of claim by May 19, 2014, plaintiff was permitted to, and did, commence a special proceeding seeking leave to file a late notice of claim. While the applicable one year and 90-day statute of limitations began to run on February 18, 2014, upon plaintiff's commencement of the proceeding, the provisions of CPLR 204 (a) operated to toll the remainder of the statute of limitations until the date that the court granted the requested relief, at which point the statute began to run once again (see Giblin v Nassau County Med. Ctr., 61 NY2d 67, 72 [1984]; Young Soo Chi v Castelli, 112 AD3d 816, 817 [2013]; Matter of Ireland v Hinkle, 178 AD2d 823, 824 [1991]; compare Farber v County of Hamilton, 158 AD2d 902, 903 [1990]). To put it in mathematical terms, when plaintiff commenced the proceeding seeking leave to serve a late notice of claim on November 14, 2014, he had 186 days remaining in order to timely commence this action within the applicable statute of limitations. As of that date, the statute of limitations stopped running and did not resume until May 27, 2015, when Supreme Court issued its order granting plaintiff's application. Thus, plaintiff had 186 days running from May 27, 2015 or until November 29, 2015 to timely commence this action. Since plaintiff commenced this action on October 20, 2015, it was timely commenced and may now proceed to a determination as to whether it has any merit.
Lynch, Clark, Mulvey and Rumsey, JJ., concur.
ORDERED that the order and judgment are reversed, on the law, with costs, motion denied, and matter remitted to the Supreme Court to permit defendants to serve an answer within 20 days of the date of this Court's decision.